## THE T. & P. R'Y Co. v. R. J. Lowry.

(Case No. 1698.)

1. NEGLIGENCE — MEASURE OF DAMAGES.— When a bodily injury was sustained in consequence of the negligence of a railway company, which injury was of a permanent character, inflicting great bodily pain when it was received, and for a long time afterwards, it was held that a verdict for $2,000 was not so excessive as to require a reversal.

Statement of the case.

2. Same — Duty of engineer.— While a railway company has the right to use its own track, and while its engineer ordinarily, when his train is in motion, seeing persons near the track ahead of him, has the right to presume that they will keep out of the way, yet, when the train is moving in a town, great watchfulness on the part of the company's servants is required. It is then the duty of the engineer, before starting his engine across a street, not only to give timely warning of his intention to start, but to look ahead and see that his train is not likely to hurt persons who are passing.

3. Charge of court — Record.— When the entire charge of a court is not incorporated in the record, the presumption will be indulged that a proper charge was given in regard to an issue about which the record contains no charge.

4. Same.— In a suit for damage, charged to have been sustained by the negligence of a railway company in running its cars across a public street, from which plaintiff's arm was broken and great pain inflicted, the court was asked by defendant to charge the jury: "That defendant had the right to use its own track, and its servants managing its train would have the right to presume, if its track was clear, that it would remain so; and if its servants saw plaintiff driving his team toward the crossing over its track, they had the right to act on the presumption that he would not drive his team on to its track, or in contact with its train, or in dangerous proximity to it; and if you believe from the evidence that plaintiff was not on the track that defendant's engine occupied, and that his injury, if any, was occasioned by his driving his team up to or against defendant's train, by reason of which his horses, or one of them, took fright and ran off, and occasioned such injury, then your verdict should be for the defendant." Held, that there was no error in refusing the charge, the evidence showing that the engineer running the train was in the particular case guilty of negligence.

5. Same.— See charge of court for instructions held proper in this case.

Appeal from Kaufman. Tried below before the Hon. Green J. Clark.

Appellee brought suit the 28th of October, 1881, charging that defendant so negligently managed its cars, while crossing a public street in the town of Terrell, as to run them near and against a certain wagon, of the value of $75, and a set of double harness, of the value of $40, and two mares of the value of $100 each, the property of plaintiff, and that by reason thereof the mares became frightened, ran away and injured themselves, broke and destroyed the wagon and harness, and lacerated and broke plaintiff's left arm, all to his damage, $5,000.

Plaintiff filed a trial amendment, by which he alleged that "By reason of the wrongs done by defendant, as charged in his original petition, his arm was broken, his elbow dislocated, his shoulder bruised and greatly injured, and many other wrongs inflicted, all of which were permanent and lasting, causing him to suffer great pain, both in body and mind, and his arm to become wholly

lost to him, and large sums of money for medical attention and other expenses of sickness consequent thereupon were expended, and to lose much time from his daily employment, to his great damage; that his wagon was damaged, and his horses," etc.

Answer: 1. A general demurrer. 2. A general denial. 3. A plea of contributory negligence, resulting from plaintiff's driving his team up to and against the train of defendant while it was in motion, on its own track, and by reason of the team of plaintiff becoming frightened at the train and plaintiff losing his control of it. That plaintiff's team had not reached the track of defendant's railroad on which its train was being moved, when it became frightened and turned and ran away, and it was not, at any time, on defendant's road-bed or struck by defendant's train; and plaintiff's team not being on defendant's track, its servants carefully ran its train on its own track, without any knowledge that plaintiff or his horses would become alarmed, or lose control of themselves.

Verdict and judgment in favor of plaintiff for $2,000.

The pleadings were not copied into the record, but there was an agreement of counsel that they were sufficient to authorize the evidence which was introduced and to support the judgment rendered.

Only a small part of the charge of the court was given, but it was agreed that the charge was unobjectionable in that part complained of by defendant, so far as it related to damage of plaintiff's property.

Special charge No. 3, requested by defendant and refused by the court, reads:  " That defendant had the right to use its own track, and its servants managing its train would have the right to presume, if its track was clear, that it would remain so; and if its servants saw plaintiff driving his team toward the crossing over its track, they had the right to act on the presumption that he would not drive his team on to its track, or in contact with its train, or in dangerous proximity to it; and if you believe from the evidence that plaintiff was not on the track that defendant's engine occupied, and that his injury, if any, was occasioned by his driving his team up to or against defendant's train, by reason of which his horses, or one of them, took fright and ran off, and occasioned such injury, then your verdict should be for the defendant."

The court had charged the jury as follows:

"That to entitle plaintiff to recover he must not have contributed to his said injuries and damages, if any, by his own carelessness, negligence and want of precaution, and, should the jury believe from the evidence that the plaintiff, by want of care, diligence or

precaution on his part, contributed to his said injuries, losses and damages, then and in that event they will find for the defendant.

"Negligence is a question for the jury, to be determined from the evidence before them.

"Should the jury believe from the evidence that the plaintiff knew, or that by the use of reasonable care, diligence and precaution he might have known, that said engine was in motion in time to have prevented his said injuries, losses and damages, if any, you will find for the defendant. But, on the other hand, should you believe from the evidence that the agents or servants of defendant in charge of said engine knew, or that by the use of reasonable care and diligence they might have known, of the situation of plaintiff in time to have prevented such injuries, losses and damages, if any, then and in that event you will find for the plaintiff."

The tenth special charge refused was as follows:

"In this case, if, under the law and evidence, you conclude that the plaintiff is entitled to recover any sum or damages, then you are instructed that he is only entitled to recover such sum as the evidence shows he was damaged in his person or property, including compensation for such bodily pain as he suffered as a result of the injury to his person.

"In regard to compensation for his property, that will be regulated by value of the property destroyed, or the injury done to that not entirely destroyed, to determine which you will look to the evidence before you.

"As to the injury done to his person, you will also look to the evidence.

"In the absence of proof of the value of the labor of his arm, and of the value of his time while it was useless or disabled, and of what he could make by its use in his occupation or calling before its injury, and by such use in its present condition, you cannot include in your estimate of damages any sum for pecuniary damage done to him by reason of the loss of the use of his arm, either totally or partially, in his occupation or employment in life.

"In estimating the value of bodily pain, you should keep in view the character, duration, etc., of the injury. You are not at liberty to find the same amount for one character of pain as another, but, without passion or prejudice, considering the character, intensity and duration of the pain, find, according to your best judgment, such sum as you believe proper and compensatory under the circumstances of this case."

The court had charged the jury as follows:

" If the jury believe from the evidence that the plaintiff's arm was broken, wounded and lacerated, and that plaintiff suffered bodily pain by reason of such injuries to his arm, then, in addition to the injuries done the plaintiff's property, the jury will assess the plaintiff's damages for such injuries to his person at such fair, just and reasonable sum as the jury may consider reasonable and proper, under all the circumstances of the case."

" The jury will assess the plaintiff's damages for such injuries to his arm at such fair, just and reasonable sum as the jury may consider reasonable and proper, under all the circumstances of the case."

The parties agreed that the charge was unobjectionable so far as it related to the damage to the plaintiff's property.

The assignments of error were as follows:

1st. In overruling the motion for a new trial on the ground that the verdict was for an excessive amount.

2d. Refusing to give each one of the special charges requested by defendant, numbered from 1 to 10 inclusive.

The evidence was conflicting on many points.

The evidence showed that Virginia street was one of the most public streets in the town; that plaintiff entered this street at a point about one hundred yards from the crossing. There was evidence. showing that the engine was then standing by the depot; that plaintiff watched and listened for a signal that the engine was to move, before undertaking to cross; that no signal was given; that others were crossing at this point at the same time; that the hind wheels of a wagon loaded with three bales of cotton, and drawn by four horses, passed from the track just as plaintiff's team were in the act of stepping upon it; that at this point the engine, without any signals having been given, moved forward towards the crossing at rapid speed; that the valves were thrown open and steam escaping; that plaintiff's team became frightened, ran away, and thus caused the injury; that plaintiff did all in his power to prevent the injury done.

The evidence showed that plaintiff's arm was seriously injured; that it was dislocated at the elbow; that the bone was broken and stove back; about one-half inch of the. bone is gone; that the ligaments were torn loose, and had never grown back; can lift no heavy weight with it; cannot plow; plaintiff suffered much pain because of the injury; cannot elevate this arm; the injury was a permanent one. His occupation was that of a farmer.

*Welborne, Leake & Henry,* for appellants.

*Smith & Word,* for appellee.

DELANY, J. COM. APP.— Our opinion is that the court did not err in refusing the third special instruction asked by the defendant. In so far as the charge asked was applicable to the case in hand, it was in substance given in the general charge.

There is no doubt that the company has the right to use its own track; and when the train is in motion the engineer, seeing persons near the track ahead of him, might safely presume that they would keep out of the way. But in this case the injury was inflicted in a town. It occurred in a street along which many people were in the habit of passing, so that great care and watchfulness were required of the company's servants. Before starting the engine across the street, it was certainly their duty to give timely warning as well as to look ahead and see that they were not likely to hurt persons who were passing by. The evidence, in our opinion, shows that those in charge of the engine were guilty of negligence.

Whether there was contributory negligence on the part of the plaintiff was fairly left to the jury, and their verdict must be treated as decisive of that question.

We come now to the tenth special instruction which was asked and refused. So much of the special charge as relates to compensation for plaintiff's property that was damaged or destroyed was properly refused, because it is admitted that the general charge on that subject was correct.

As to that part of the charge asked and refused which refers to the pain inflicted upon the plaintiff, it is enough for us to say that it is by no means an improvement upon the charge given on the same subject by the court.

Another portion of the special charge which was rejected is as follows: " In the absence of proof of the value of the labor of his arm, and of the value of his time while it was useless or disabled, and of what he could make by its use in his occupation or calling before its injury, and by such use in its present condition, you cannot include in your estimate of damages any sum for pecuniary damage done to him by reason of the loss of the use of his arm, either totally or partially, in his occupation or employment in life."

In the first place, as the entire charge of the court has not been brought before us, it would seem reasonable to presume that the court had given a proper charge upon this part of the case, if any should have been given at all.

But as there was no evidence introduced as to the value of the plaintiff's time, labor, etc., it is altogether probable that the court did not submit that issue to the jury.

It is to be presumed that the jury found their verdict upon the issues actually submitted. And we hardly think that it was necessary for the court to instruct them not to find upon a matter which was not submitted.

Appellant, however, insists that the verdict was excessive; but we cannot say that it was so manifestly excessive as to warrant a reversal of the judgment. If we leave out of view entirely the damage to the plaintiff from loss of time, diminished capacity for labor, etc., still the evidence shows that the plaintiff's life was placed in great peril; that he was very seriously hurt; that his injuries are permanent and likely to last through life; that he suffered great pain, not only at the time, but for a great while afterwards; and though the pain has been assuaged, it has not been relieved, and may not be entirely relieved for an indefinite length of time.

Under these circumstances we are not able to say that the judgment should be reversed, and we think it should be affirmed. H. & G. N. R. R. Co. v. Randall, 50 Tex., 254.

AFFIRMED.

[Opinion adopted February 27, 1884.]