St. Louis & Texas Railway Company v. H. C. Crosnoe.

No. 2603.

1. **Railway Crossing—Care by Railway Employes.**—The fact that the public, without opposition or protest on part of the railway company, habitually cross its track at a place not a street or highway, imposes upon the railway company and its employes in handling the cars upon its track at such place or crossing a degree of care not required upon the track where there is but occasional crossing or none at all.

2. **Same.**—The extent and nature of the use of the way across the track at the place where the injury the subject of investigation in the suit was caused, forms part of the facts from which the jury must determine whether reasonable care was taken by the railway and its employes before and at the time of the injury.

3. **Same.**—See facts where the jury were justified in finding a want of proper care in a suit by one injured in crossing a switch track of a railroad at a place not a public crossing within the meaning of a street or public highway.

Appeal from Smith.   Tried below before Hon. Felix J. McCord.
The opinion states the case.

*N. Webb Finley,* for appellant. — 1.   A person who crosses or enters upon a railroad at a place other than a street or public crossing, although the railway company may know that he does so and makes no protest against it, does not acquire the rights of one crossing or entering upon a railroad at a public crossing.   H. & T. C. R. R. Co. v. Boozer, 70 Texas, 530; 19th Am. & Eng. R. R. Cases, p. 108, and notes; G. H. & S. A. R. R. v. Ryan et al., 69 Texas, 665; 1 Thomp. on Neg., p. 448.

2.   The court erred in refusing special charge No. 2 asked by defendant, to the effect that a person who enters upon the track of a railroad at a place other than a street or public crossing is a trespasser and the railway company does not owe him the duty of keeping a lookout.   It has the right to presume that the track is clear.   Ry. v. Richards, 59 Texas, 373; Ry. v. Bracken, 59 Texas, 71; 1 Thomp. on Neg., 448.

3.   Where one wrongfully gets upon the track of a railroad he can only recover where there is wantonness on the part of the servants of the railway company.

4.   The court erred in refusing special charge No. 4 asked by defendant, as follows: "Any one who enters upon the track of a railway at any other place than a street or public crossing is a trespasser; and whilst it would be the duty of the operatives of the train, if they saw him, to use the highest degree of care to prevent injury to him, yet if they did not see him the railway company would not be liable, although it might appear that by the exercise of care the operatives of the train ought to have seen him, for in such case the entry of such trespasser would render him guilty of contributory negligence and he would not be entitled to recover." Thomp. on Neg., 448–9.

5.   The court erred in refusing to charge the jury as requested by de-

fendant in its special charge No. 7, as follows: "That the railway track, except at stations, in streets, or public crossings, belongs exclusively to the railway company, and all persons who walk, ride, or drive thereon by the sufferance or with the permission of the railway company, do so subject to all the risks incident to so hazardous an undertaking." 19th Am. & Eng. R. R. Cases, 108; T. P. R. R. v. Lowry, 61 Texas, 149.

*John M. Duncan* and *Robertson & Robertson*, for appellee.

WALKER, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of Crosnoe for personal injuries inflicted upon him May 23d, 1887, at Corsicana, Texas, by a moving car on the railway track of defendant running upon plaintiff while he was crossing the track at a public highway. The defendant answered that the "defendant company had a yard upon which was constructed sidings and switches for the exclusive purpose of switching cars from the main track, changing cars, and making up trains; that this yard is located at a point where its sidings and switches do not intersect or cross any street, alley, or public way of travel, and that no person has a legal right to enter upon or cross over defendant's railroad at such point so exclusively appropriated by it for switching purposes. That it is necessary and proper for the conduct of its business at Corsicana for it to have and maintain such a yard, etc. That upon one of its sidings or switches in said private yard some flat cars had been placed, and while an engine was being used to effect a coupling * * * in the usual and ordinary manner, at usual rate of speed, one of the cars being moved was forced against said flat cars, moving them from their position some four or five feet," thereby passing upon the plaintiff. * * * That plaintiff was a trespasser, having entered upon the track at a point where he had no legal right to do so, and by his own wrong, without fault of the defendant company, brought upon himself the injury, etc.

By supplemental petition it is alleged "That there were cars standing upon the side tracks of defendant at or near the scene of the accident, and also a coal chute or bin constructed between the said side tracks, all of which tended to and did obstruct plaintiff's view so that he could not see the moving cars which were run against those which struck plaintiff until they were almost upon him. That the place where the accident occurred was in the midst of the city of Corsicana and at a place in defendant's track commonly used by footmen. That same had been for years and is now notoriously used by the public as a crossing for foot passengers going from East Corsicana to West Corsicana and returning. That said defendant at all times, as well as its agents and servants operating trains in Corsicana, well knew of such open, notorious, and constant use of said place as a crossing by the public, and prior to said accident had made no objection thereto."

There is no contest over the fact and the extent of the injury or as to the manner the same was caused.    There was a contest as to the extent and publicity of the use of the place as a *way* by footmen in passing east and west between the two parts of the city of Corsicana, and some dispute to the care taken by the plaintiff in the act of attempting to cross the track.

The counsel for defendant by carefully prepared instructions, which were refused by the court, sought to have the jury charged that the plaintiff, being in the yard and upon the track not upon a street or public crossing, was a trespasser, and that under such circumstances he could not recover unless the employes had seen his danger and negligently permitted him to be injured, or had neglected to use due efforts for his safety after seeing his danger.

The court charged the jury, among other things:  " A person who goes upon a railroad track other than at a public street or crossing, or such private way as is commonly used by the public with the knowledge and permission of the company operating the track, is a trespasser, and the railroad company has a right to expect that the person will leave the track and would not be held liable unless after seeing the impending danger they took no precautions to prevent injury, and if after they took precautions after seeing the danger the railroad company would not be liable.

" 8.   So that  *  *  *  if you find from the testimony that plaintiff Crosnoe went upon the track of defendant at a place other than at a public crossing or private way that was commonly used by the public, and the company agents knew that fact and permitted it, he would be a trespasser, and though the company may have acted negligently, yet the plaintiff can not recover unless after seeing his peril the agents and employes of defendant failed to use the precautions to prevent injury; if they did see his danger and did not try to prevent injury, then the plaintiff's negligence would not be the cause of the injuries, and you will find for plaintiff.   Yet though you may find that plaintiff was a trespasser, still if the proof shows that defendant's agents knew that people were in the habit of crossing the track at the place where Crosnoe was injured, yet if you further find that defendant's agents and employes, knowing that people were in the habit of crossing the track at that point, in a reckless and wanton manner propelled the cars in such a way as to show a total indifference to the consequences of such act, and that the plaintiff was injured by such wantonness, then the defendant company would be liable.

" 9.   Plaintiff can not recover if he did not use his senses to ascertain the approach of the train, and if he went upon the track without acquainting himself of the approaching train and was injured thereby, he can not recover, unless after he got upon the track the agents of defendant saw him in time to try to use the means to avoid the danger and failed to do so.   If, however, the proof shows that Crosnoe went to a

place that was a private way over defendant's road commonly used by persons on foot, and that this fact was known by defendant's agents and employes in charge of the trains; and if the proof further shows that before he went upon the track he used the utmost care to find out if a train was approaching, and by the exercise of this care he did not know of an approaching train and started across the track, and the defendant's agents and employes, knowing that this was a private way, did not use ordinary care before explained to prevent injury, and negligently run their cars over plaintiff, and the proof further shows that plaintiff used that degree of care required of him and was not negligent in going upon the track, and he was injured thereby, the defendent company would be liable. * * *

"If the place where plaintiff attempted to cross the track was not a private way commonly used, the plaintiff in going upon the track would be a trespasser, and the defendant company would not be liable if they run over him, unless their agents and employes saw him in time to prevent the injury and failed to do it.

"But if it was commonly known to defendant company that people were in the habit of crossing at this point, and though plaintiff had no right to be upon the track, but was not guilty of negligence in trying to cross the track, and defendant's agents and employes propelled their cars forward and over him in such a reckless and wanton manner as to show a disregard to the consequences of their act and plaintiff was injured thereby, without fault on his part, the company would be liable."

Examining the statement of facts, it is apparent that there was testimony that the plaintiff before stepping upon the track both looked and listened, thus using great care; that the attempt to cross was not at a street crossing or other public way, and that it was upon a side track used by the defendant company in its business. The investigation is narrowed down to the inquiry as to the duty of the defendant under the circumstances attending the act complained of.

It is not insisted upon that the employes did see the plaintiff, nor that they could have seen him from the positions they are shown to have occupied at the time. Nor is it insisted that the place was at a street crossing or other public highway, nor is such a user of the crossing shown as amounted to the right of way by foot passengers to cross the track of the company against its orders or obstruction if it had been interposed. Nor is any express license or consent claimed.

It is, however, alleged that the place of the attempted crossing was "in the city of Corsicana and at a place in the track commonly used by footmen in going from the east to west parts of the city and in returning, and that the use was notorious and well known by the defendant company, its agents and employes."

The testimony shows such use common and continuous, that a foot

path had been worn by the passing at the place, that such use was known to the agents and employes of the defendant company, and that no protest or orders otherwise had been made against such use, nor any efforts to guard the passers-by from the dangers of the passage.

It is shown that the work engaged in upon the switch track was part of the ordinary daily task of the employes and was not dangerous to those engaged therein.   It is shown that the bell on the engine was ringing at the time, that the engine pushed three cars upon the switch towards the car which ran upon the plaintiff, and when at some distance from it the engine was detached and ran back, the three cars by their momentum running to and striking the car next to plaintiff and pushing it a distance from five to twelve feet against and upon the plaintiff, inflicting the injury.   One man was upon the detached cars, but he was not at a brake nor in a position to check the cars had danger been noticed.   This hand did not see plaintiff, nor could he have seen him from his position before the collision.   It was shown that the employes did not keep an outlook upon the switch track, expecting the way to be clear.

The application to this condition of facts in the charge was that "If the agents and employes in a dangerous and reckless manner propelled the cars in such a way as to show a total indifference to the consequences of such act, and that the plaintiff was injured thereby, the defendant company would be liable;" and again, "if they did not use ordinary care to prevent injury, and negligently ran their cars over plaintiff," etc., the company would be liable.

Our courts have held that a railroad company owes no duty to one who makes a highway of a railway track and is injured by a train upon it. Railway v. Richards, 59 Texas, 377.   This must, however, be subject to a higher principle protecting the life and limb even of the vagabond. "A high degree of care is necessary on the part of a railway company in operating its trains on any part of its road."   Railway v. Hewitt, 67 Texas, 479; Hughes v. Railway, 67 Texas, 598; Shelby's Admr. v. Railway, 3 S. W. Rep., 153 (a Kentucky case).

In the case of Railway Company v. Boozer (Austin Term, 1888) it was held that where a boy ten years of age was killed by a train at the crossing of a footpath leading from the thickly populated part of the city of Denison to houses on the opposite side of the railroad track, it was a question for the jury, under the circumstances, to determine whether the railway company used that care which it should have used to guard persons against injury.   While the case was an action for the death of a boy not of mature years, which fact entered into the decision, yet the principle is recognized that at such a crossing some outlook was imposed from considerations of safety to those passing upon it.

The extent and nature of the use of the way across the track at Corsicana in this suit was part of the basis for the action of the jury in pass-

ing upon the care which ought to have been taken by the company and its employes at and before the collision. If the facts were equivalent to an implied consent to the use, a license may have been assumed by the public to exist, from which the act of crossing would not be an invasion of any right of the railway company and not a trespass, so long at least as the work of the employes was not obstructed.

As men were commonly passing or likely to be passing those operating the cars would know of the danger in turning loose a car or cars without control at speed sufficient to inflict damage. While the railway company is entitled to the right of a clear track, and ordinarily its employes are not chargeable with the duty of looking out for trespassers, yet when the facts show from the common use of a private way across the track that it is likely that men may be upon it, such fact can not be ignored by the employes working upon and using the track without being guilty of want of proper care for human life and safety, which may amount to recklessness equivalent to willful injury if injury should result and the negligence be gross.

The same rule is recognized in Byrne v. New York Central & H. R. R. R. Co., 10 N. E. Rep., by Court of Appeals of New York. The opinion cites with approval from Barry v. New York Central & H. R. R. R. Co., 92 N. Y., 289: "In that case it was held that where the public for a series of years had been in the habit of crossing the railroad, the acquiescence of the defendant in the public use amounted to a license or permission to all persons to cross at that point, and imposed the duty upon it as to all persons so crossing to exercise reasonable care in the movement of its trains so as to protect them from danger."

This rule is recognized in Updyke v. Merchants' Elevator Co., 8 S. W. Rep., 779, by the Supreme Court of Missouri, and in Nichols' Administrator v. Ry. Co., 5 S. W. Rep., 171, by Supreme Court of Virginia.

In Louisville & N. Ry. Co. v. Schuster, 7 S. W. Rep., 875, Justice Holt, of Kentucky Supreme Court: "The degree of care to be exercised must depend upon the location and the circumstances of the case. At places not frequented by the public, either by right or the permission, express or implied, of the company, and in localities where people are not constantly passing about and where they can not reasonably be expected to be, those in charge of a train are not required by law to be on the lookout for them. In such case the company is entitled to the exclusive use of its track and those upon it are trespassers, and those in charge of a train are only required to avoid injury to them when they can do so upon becoming aware of their peril." Otherwise where persons are known to be constantly passing about and across the track and may reasonably be expected to be.

See also 112 Ind., 59, Louisville Ry. Co. v. Philips; Chicago, etc., Ry. Co. v. Hodge, 105 Ind., 398; Ry. Co. v. Snyder, 18 Ohio St., 399.

Actionable negligence has been defined as consisting "in the case of persons who are not in the relation of privity in the exercise of rights in a manner which is not according to the conduct of reasonable and prudent men in a like situation, and which results in injury to others." Pierce on Railroads, 310.

Applying this rule to the facts of this case we can not hold the verdict to have been wrong in finding that the turning loose of the cars in swift motion upon the switch track, where men were commonly passing or likely to pass, though not a street crossing or other public highway, was actionable negligence.

Nor can we assent to the proposition urged by appellant that persons crossing the switch track under the circumstances were entitled to no care for their safety from the employes in moving the cars unless the danger should be seen.

The following additional authorities have been examined: Pierce on Railroad Law, 330, 332; Patterson's Ry. Accident Law, secs. 204, 205; Thompson on Negligence, 448, 462; 19 Am. & Eng. Ry. Cases, 81 and 110; 59 Texas, 74; Ib., 377; 61 Texas, 149; 67 Texas, 479; Ib., 598; 7 S. W. Rep., 687; 8 S. W. Rep., 119.

The judgment below is affirmed.

*Affirmed.*

Opinion November 23, 1888.