OLA HUTCHENS v. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Decided July 1, 1905.

**1.—Court and Jury—Instructing Verdict—Conclusiveness of Evidence.**

The court is not authorized to withdraw a case from the jury by instructing a verdict unless the evidence is such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it.

**2.—Negligence Causing Death—Evidence Raising Issue.**

Evidence held sufficient to raise the issue of negligence on the part of a railroad company causing the death of a person whose body was found near the track where an engine had passed, although no eye-witness testified as to how the deceased was killed.

**3.—Railroads—Licensee—Walking Along Track.**

A person on a railroad company's right of way and walking along a track habitually used by the public with the knowledge of the officers and agents of the company is not a trespasser, but a licensee, to whom the company owes the duty of keeping a lookout to discover his presence there.

**4.—Contributory Negligence—Licensee.**

A person who, as a licensee, is walking on a railroad right of way is not, as a matter of law, guilty of contributory negligence in being there.

Appeal from the District Court of Collin. Tried below before Hon. J. M. Pearson.

*Abernathy & Mangum* and *T. S. Jackson,* for appellant—The court erred in peremptorily charging the jury to find in favor of defendants, for the reason that there was legal and competent evidence adduced on the trial upon which the jury might reasonably and properly conclude that there was negligence on the part of the defendant that caused the death of John Hutchens. McCray v. Railway Co., 34 S. W. Rep., 95; S. W., C. & I. Co. v. Roberts, 15 Texas Civ. App., 404; Striplet v. Railway Co., 18 Texas Civ. App., 57; Washington v. Railway Co., 90 Texas, 314.

*E. B. Perkins* and *Head, Dillard & Head,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by appellant, Ola Hutchens, for herself and as next friend of her minor children, against the appellee railway company to recover damages for the negligent killing of her husband, John Hutchens, by the cars of appellee.

There was an answer by appellee consisting of general denial and plea of contributory negligence. When plaintiff closed her case the

court, upon motion of defendant railway company, instructed the jury to find for defendant, which they did. Judgment was duly entered for defendant, and plaintiff perfected an appeal.

John Hutchens was killed on the night of January 26, 1902. When found the next day he was east of Wylie and lying on the south side of and near defendant's track with his feet in three or four feet from the end of the crossties. The deceased Hutchens had a piece of oak wood in his head just above the ear and extended into his head. The piece of wood was about four inches long and one by three-fourths of an inch in size. There was a bruise on his body, on his back and side, and on the same side the splinter was in his head. There were no other wounds on his body. It would have taken considerable force to have driven the stick in Hutchens' head as it was. A physician examined to see if there were any bones broken and did not find any. The bruises on his back could have been made by falling against the ties. The splinter was a piece of oak wood painted black on two sides about the color of sideboards to an engine. On the night that Hutchens was killed George Dillard went with him to the Cotton Belt depot, and while there Dillard saw an engine headed east. This engine had its pilot smashed and the right runningboard was broken down. The board on the right hand looked like it was mashed in the middle. This was a freight engine. As Dillard left he says Hutchens started up the railroad towards Gossett's and was walking out at the end of the ties. Gossett was sick and deceased had been sitting up with him at night.

Mrs. Harper testified: "I was sitting up the night John Hutchens was killed. I heard a train stop where Hutchens was killed. It stopped about ten minutes." Skelton testified that about 9:30 on the night Hutchens was killed he saw a freight train going into Wylie from the west.

The evidence was sufficient to entitle plaintiff to recover if the servants of the railroad company operating its train were guilty of actionable negligence.

*Opinion.* Did the court err in instructing a verdict for defendant? In order to authorize the court to withdraw the case from the jury the evidence must be of such a character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it. Lee v. Railway Co., 89 Texas, 588. If the evidence was such that the jury could have found that John Hutchens was killed by being struck by the defendant's engine and that its agents and employes were guilty of negligence in operating such engine, which negligence proximately caused the injuries to John Hutchens, and he at the time was not guilty of contributory negligence, then it was error to instruct a verdict. Washington v. Railway Co., 90 Texas, 319. The duty was imposed upon plaintiff to show negligence on the part of the agents and employes of the railway company. The evidence showed that there was a path along the south side of the railway track about two feet from the end of the ties along which people were in the habit of traveling, and the jury could have inferred from the evidence that the company had knowingly permitted the public to use this pathway, at the place

of the accident, for such a length of time as to constitute one using the same a licensee. Railway Co. v. Matthews, 13 Texas Ct. Rep., 249. If not a licensee in the full meaning of that expression, still the jury might have found that John Hutchens, when struck, and killed, was walking on a pathway along the railroad track at a place where the servants of the company operating its train should have anticipated persons might be walking, and where it was their duty to keep a lookout to discover persons walking along its track. St. Louis S. W. Ry. Co. v. Shiflet, 11 Texas Ct. Rep., 488, 490. The defendant's depot agent at Wylie testified that he saw Hutchens between ten and eleven o'clock walking off up the railroad and in the direction of Gossett's. It was shown that Gossett was his brother-in-law and lived about three miles east of Wylie, a little north of the railroad, and that Hutchens was going there to sit up with Gossett. The path along the railroad track was the nearest route to Gossett's. None of the witnesses testifying in the case saw John Hutchens alive thereafter. The next day his body was found "lying near defendant's track with his feet three or four feet from the end of the ties and his head a little southeast, his head angling from the east end of the ties." He was lying on his left side with his face to the south. There was snow on the ground and no sign of a struggle. He had a piece of oak wood in his head just above the ear extending into his skull. It was about four inches long and one by three-fourths of an inch in size. It seemed to be freshly split on one side. There were no tears around the wound and the stick was driven straight in through the skull and into the brain. The only other injury was a slight bruise on the left side or back. The splinter was of oak and painted black on two sides. A freight train pulled into Wylie from the west and was standing on the track when John Hutchens started up the path to go to Gossett's. The engine was headed east, and there was evidence that its pilot beam was broken and damaged and the end splintered. There was evidence that the pilot beams of engines are made of oak wood. The evidence tends strongly to show that John Hutchens was struck by the pilot beam of the defendant's east bound freight engine between ten and eleven o'clock at night on January 26, 1902, and an oak splinter from its pilot beam driven into his head and through his skull and into his brain, causing his death. In fact the evidence tends to exclude the theory that his death could have resulted in any other way. He was killed about one mile east of Wylie and about one-fourth of a mile east of the crossing of the track of the Gulf, Colorado & Santa Fe Railroad with defendant's road. If John Hutchens, when killed, was upon defendant's right of way and walking along a pathway habitually used by the public with the knowledge of the officers and agents of the defendant, then the jury could have found that he was a licensee and not a trespasser. If he was a licensee the agents and employes of defendant's operating its train owed him the duty to keep a lookout to discover persons so walking along its track. Had a lookout been kept the jury could have inferred that they would have seen Hutchens and avoided striking him. If they failed in such duty and as a result John Hutchens was killed, the company would be liable. If John Hutchens was a licensee on defendant's right of way when killed and not a trespasser, then he

was not, as a matter of law, guilty of contributory negligence in being on the right of way.

As bearing upon the principles announced, see Washington v. Railway Co., supra; Railway Co. v. Matthews, supra; McCray v. Railway Co., 89 Texas, 168; Lee v. Railway Co., supra. Besides, the jury might have inferred from the testimony of the witness, Mrs. Harper, that defendant's employes operating its freight train discovered that Hutchens had been killed and failed to report it.

We conclude that the court erred in instructing a verdict for defendant. The judgment is reversed and the cause remanded.

*Reversed and remanded.*