## GULF, C. & S. F. RY. CO. v. RUSSELL.
### No. 4219.

Court of Civil Appeals of Texas. Texarkana.
July 7, 1932.

Rehearing Denied Sept. 1, 1932.

through any fault of the operatives of the locomotive of the train, but the intentional act of the appellee; and (2) the operatives of the locomotive did not and could not have timely discovered the appellee's peril prior to his injury; and (3) the track at the point of injury was not customarily used by the public, and the appellee was a bare trespasser in using and being at the same, and no duty was owing the appellee of anticipating his presence and keeping a careful lookout for him. The points really involve the determination of whether or not actionable negligence was sufficiently established by the evidence. In every case involving actionable negligence, according to fundamental principle, an element necessarily essential to its existence, besides the elements of failure to perform the duty and injury from such failure, is that of the existence of a duty on the part of the particular defendant to protect the particular plaintiff from the injury. In this case the fact of the casualty was shown beyond a reasonable doubt. The wheels of the locomotive of the passenger train ran over the left hand of the appellee, necessitating amputation at the wrist. Any conjecture that such casualty was purposely brought about by the appellee's putting his hand on the rail for the train to run over it must be regarded, it is believed, as set at rest by the verdict of the jury that he did not do so, as their conclusion from the attending circumstances. And it may not be determined, it is believed, that it affirmatively appeared that the casualty was attributable solely to the contributory fault of the appellee. By the undisputed evidence it appeared that the appellee was on the railway track in an unconscious state shortly before the time of the approach of the train, due to a blow on the head recently inflicted by another person; that at the time the train was actually approaching the point where the appellee was lying he was not fully conscious, and had awakened imperfectly and to the degree only of semiconsciousness; that he had by efforts succeeded in getting his legs and body outside of the rail, but had not timely succeeded in removing his hand free from danger of being run over by the wheels of the locomotive of the train.

The evidence conclusively showed that the crossing at Hannah street was a public highway, and that the cattle guard adjoined the highway; that the injury occurred on the railway track either 12 feet or 52 inches or less from the end of the cattle guard. As respects the public use of the portion of the railway track beginning with the cattle guard and leading to the depot, the evidence is conflicting. There is affirmative evidence going to show customary use of the track for a considerable time by the public as a way to the depot and business section of the town. There is affirmative

Bruce M. McMahan, of Greenville, and Terry, Cavin & Mills, G. B. Ross, and Joyce Cox, all of Galveston, for appellant.

Clark, Harrell & Clark, of Greenville, for appellee.

LEVY, J. (after stating the case as above). The points chiefly urged by the appellant are that: (1) The injury was not

evidence to the contrary going to show that any use of the railway track was not consented to and was not permitted by the company and its agents. This court must, it is concluded, assume that the portion of the railway track as involved in the case was customarily used by the public by implied consent of the appellant, for the circumstances authorize the inference, as now here made, of implied consent of the use of the track. And the trial court, in submitting the case to the jury, assumed as a fact sufficiently established by the evidence that the railway track was a licensed passway for the public. The court did not submit the question for finding by the jury, and no request was made by either side for submission of the issue for finding by the jury, and no complaint was made by any party in respect thereto. Therefore, in the situation shown, it may not be said the facts and circumstances were insufficient to show that the appellee at the time of his injury had the status of a licensee in the use of the track. The appellee, as must be said, did establish the existence of a duty on the part of the appellant to protect him from injury. The trial court assumed the fact to be, and no complaint in that respect is made in the appeal, that the operatives of the locomotive did not discover the appellee and his position of peril at the track in time to avoid injuring him. But the gravamen of the appellee's pleaded cause, and upon which the charge to the jury was rested, was the duty of the operatives of the locomotive to keep a careful lookout to discover and prevent injuring those at a place customarily used by the public. The rule in this state is that, if a railroad company acquiesces in the use of its track by others, it must exercise ordinary care, not only to avoid injuring them after they are discovered to be in danger, but also to keep a careful lookout to discover and avoid injury to all who may be expected to be upon their tracks. St. Louis & T. Ry. Co. v. Crosnoe, 72 Tex. 79, 10 S. W. 342; Texas & P. Ry. Co. v. Watkins, 88 Tex. 20, 29 S. W. 232; and other cases. And, in the view that the appellee was practically on the track, the duty of careful lookout existed. Houston & T. C. Ry. Co. v. Sympkins, 54 Tex. 615, 38 Am. Rep. 632; St. Louis, B. & M. Ry. Co. v. Price (Tex. Com. App.) 269 S. W. 422; Wichita Falls, R. & F. W. Ry. Co. v. Crawford (Tex. Civ. App.) 19 S.W.(2d) 166; and other cases. A person in merely going upon a railway at or near a public crossing or where the railway company had impliedly licensed the use is not chargeable with negligence per se. St. Louis Southwestern Ry. Co. v. Douthit (Tex. Civ. App.) 208 S. W. 201.

There is presented the points of misconduct of the jury in the jury room that (1) there was mention of attorney's fees, and (2) there was mention by a juror of a statement made to him by his father as respects the use by the public of the railway track. The question of attorney's fees was mentioned in the jury room, and their testimony in that respect appears in a separate statement of facts on the motion for new trial. It is believed that their testimony sets at rest any doubt as to the misconduct having affected the amount of the verdict or the decision of any issue. The facts are quite unlike the case of Texas & P. Ry. Co. v. Van Zandt (Tex. Com. App.) 44 S.W.(2d) 950, and other similar cases. The other misconduct complained of was that the juror Wrenn mentioned to the juror Roach that his father had told him the night before "that he had walked along the railroad where the accident occurred or had seen people walking along there." No other juror heard the statement. The statement did not influence either the juror Roach or the juror Wrenn. The point might be regarded as serious, but for the fact that the question of whether or not there was use of the track by the public under implied license of the railway company was not submitted to the jury for decision. The trial court took the issue away from the jury, and assumed the fact of user by license to be established by the evidence.

We have considered the other assignments of errors, and think reversible error may not be predicated.

The judgment is affirmed.