### KELLEY et al. v. BURLINGTON–ROCK ISLAND R. CO.

#### No. 4677.

Court of Civil Appeals of Texas. Amarillo.

Nov. 23, 1936.

Rehearing Denied Jan. 11, 1937.

W. A. Shields, B. C. Johnson, and Cole, Patterson & Cole, all of Houston, for plaintiffs in error.

Harry R. Jones and J. L. Lockett, Jr., both of Houston (Andrews, Kelley, Kurth & Campbell, of Houston, of counsel), for defendant in error.

.MARTIN, Justice.

The parties will carry here their trial court designation.

A peremptory verdict for defendant was directed by the trial court in a suit filed by plaintiff Mrs. Della Kelley for the death of her sixteen year old son.

This action furnished the basis for the only legal issue between the parties on this appeal.

The Kelley family lived about two and one-half miles north of Tomball, near defendant's track. Just before midnight, deceased left Tomball, apparently on foot, to go to his home. He, together with the public, had been accustomed to use defendant's track northward from Tomball as a walkway. At about 7 a. m. the next morning his mangled remains were found between the rails of said track, about 3,400 feet

north of Tomball. The body lay about 20 feet north of the north end of a small trestle, some 4 or 5 feet high and about 14 feet long. Blood extended along the track northward from the trestle about 30 feet, and to a point 10 feet north beyond his body. His severed legs were on the west side of the rails about halfway between his body and the trestle. His cap was some 12 or 15 inches from the body. This, in brief, constitutes all the physical evidences of the fatal accident introduced at the trial.

It was shown that defendant's railroad ran from Tomball slightly west of north; that a very slight curve existed for a thousand feet past and including the scene of the accident, but not sufficient to obscure a clear view of the track; that it was downgrade almost to the trestle; that two trains passed at night, going in opposite directions, the northbound at about midnight, and the southbound at about daylight. Deceased's mother testified she was up about midnight and heard the midnight train whistle at Tomball, but heard no whistle, emergency, or otherwise, thereafter. Four public roads crossed defendant's track between her home and Tomball, the first about 387 feet northward from Tomball, the second about 1,500, the third about 2,100, and the fourth about 3,800 feet.

Many grounds of negligence were alleged. Our disposition of this case makes it unnecessary to specifically mention all these. Three were in substance: (1) Failure to blow the whistle or ring the bell on the locomotive at a distance of four hundred forty yards from said crossings. (2) Failure to keep a proper lookout. (3) Failure to stop the locomotive after the discovery of deceased's peril.

■ Our Supreme Court, more than half a century ago, announced a rule consistently adhered to since:

"The burden of proof, resting on a plaintiff upon the issues of negligence of the defendant and his own exercise of due care, requires that he should show the facts surrounding and leading to the accident, and if from these, when shown, a jury may reasonably infer negligence in the defendant contributing to the injury, and the exercise of due care by the plaintiff, then he is entitled to a verdict; but if he does not show how the accident occurred by which he was injured, by showing his own relation to it, and the other surrounding facts, some or all of which may appear from the character of the accident itself, then he has not gone with his evidence as far as the law requires him to go to authorize a recovery. * * *

"That this action is prosecuted by a relation of the deceased does not change the rule." Texas & N. O. Ry. Co. v. Crowder, 63 Tex. 502, 504, 505.

Judge Williams, in discussing a situation very similar in its facts to those of the present case, uses the following language:

"The unfitness of the engineer only affects the question as to whether or not a proper watch was kept along the track. The presumption is that there was, and it will hardly do to say that it is overcome by mere proof of the unexplained killing and of the engineer's defective vision. There was also a fireman on the engine, who, for aught that appears, could have performed this duty so far as it affected the deceased. But, aside from this, the failure to keep a proper lookout, either from incapacity or other reason, could only be deemed the proximate cause of the deaths when it appeared that the keeping of it would have prevented the unfortunate occurrence, and no inference of this fact can be drawn from the evidence. What were the boys doing as the train approached them? How long were they on the track before they were struck? What was their position? An answer to these questions must be found before it can be said that there was a failure to keep a proper lookout, and that such a lookout would have discovered them in danger in time to have enabled those controlling the train to have saved them; and for such answer the evidence may be searched in vain. This fact of causal connection between an alleged negligent act or omission and an injury can no more be presumed than can the act or omission itself. Mo. Pac. Ry. Co. v. Porter, 73 Tex. [304], 307, 11 S.W. 324; Texas & N. O. Ry. Co. v. Crowder, 63 Tex. [502], 505. * * *

"The facts of the case are, however, at least as suggestive of negligence on their part contributing to their deaths as they are of such negligence on the part of the servants. The trouble about the evidence is that it merely reveals an unfortunate and deplorable occurrence, without enabling us to see what each of the parties contributed towards bringing it about, and leaves the case very much in the same attitude as those cited." Texas & P. Ry. Co. v. Shoemaker et al., 98 Tex. 451, 84 S.W. 1049, at pages 1051, 1052.

■ Numerous authorities, including many from Texas, are cited in support of the following rule: "The general rule in the absence of statute is that the mere fact of an accident resulting in the injury or death complained of does not raise a presumption of negligence on the part of the railroad. Plaintiff has the burden of establishing his case and of proving the negligence of defendant relied on as a ground of recovery, and that such negligence was the cause of the injury, since even if negligence is established, there is no presumption that the negligence was the cause of the injury." 52 C. J. pp. 705, 706.

■ Plaintiffs assume and vigorously argue that deceased was walking down the track in plain view of the operators of defendant's northbound train when struck and killed. No evidence is cited, and none has been found by us in the record of sufficient cogency to support such an inference. Rather, we think, the inference is just as plausible that deceased had either boarded the train to ride home and thereafter fell between its cars, or was attempting to do so when killed. The facts before us go no further than to show an unexplained accident in which an unfortunate boy lost his life. Suppose there was an utter failure to keep a proper lookout. What was the causal connection between such negligence and the death of this youth? We look in vain for an answer to this question. Unless deceased occupied such a position as to be seen, a proper lookout would not have prevented the accident. There is nothing in the physical facts at the scene of the accident which answers this important and controlling question. Manifestly, we cannot presume the existence of facts.

We are of the opinion that the plaintiffs failed to prove their case in the respects discussed. Of the many Texas cases which in their facts or reasoning support our view, we cite the following: Campos v. St. L., B. & M. Ry. Co. (Tex.Civ.App.) 43 S.W.(2d) 487; English v. I. & G. N. Ry. Co., 44 Tex.Civ.App. 467, 98 S.W. 913; Gulf, C. & S. F. Ry. Co. v. Russell (Tex.Civ. App.) 52 S.W.(2d) 1085; Id., 125 Tex. 443, 82 S.W.(2d) 948; Harris v M.-K. T. R. R. Co. (Tex.Civ.App.) 283 S.W. 895; Houston, E. & W. T. Ry. Co. v. McHowell (Tex. Civ.App.) 278 S.W. 258; Id. (Tex.Civ. App.) 2 S.W.(2d) 550; Hutchens v. St. L. S. W. Ry. Co., 40 Tex.Civ.App. 245, 89 S. W. 24; Missouri, K. T. Ry. Co. v. Greenwood, 40 Tex.Civ.App. 252, 89 S.W. 810;

Missouri Pacific Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324; St. Louis S. W. Railroad Co. v. Douthit (Tex.Civ.App.) 208 S. W. 201; Texas & N. O. Railway Co. v. Spencer (Tex.Civ.App.) 244 S.W. 1089; Texas & N. O. R. R. Co. v. Crowder, 63 Tex. 502; Texas & N. O. R. R. Co. v. Zarate (Tex.Civ.App.) 74 S.W.(2d) 721; Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049.

Judgment affirmed.