CASE 7—PETITION ORDINARY—September 22.

# Louisville & Nashville Railroad Company v. Potts.

APPEAL FROM BOYLE CIRCUIT COURT.

1. It is Willful Negligence in a Railroad Company to permit either a train of cars or a single car to move on its track in a city or town without some servant in position, both to give warning of its approach and to control its movements. And where by reason of such negligence a servant of the company, who is on the track in discharge of his duty, is struck and killed by a moving train or car, his administrator may recover of the company under the statute.

2. Contributory Negligence.—Where a servant of the company was in a proper place on the track in the discharge of his duty he was not willfully negligent in not looking out for cars of the approach of which he had no warning.

R. P. JACOBS for appellant.

1. Under the facts in the case as developed in appellant's testimony a knowledge on the part of defendant's employes that Potts was in a dangerous position or grounds of expectation of danger to him was a necessary element to establish willful neglect, and the jury should have been so told. (9 Bush, 88.)

2. The court in instructing the jury should not have specified a particular fact as constituting the duty or the want of it failure of duty on the part of defendant, but left the jury under proper instructions to determine whether the failure to have a look-out on the front car was under the circumstances of the case willful neglect. This case and case of Shelby's Adm'r v. C., N. O. & T. P. Ry. Co., 85 Ky., 224, are not parallel cases.

3. The instructions were erroneous in permitting the jury to give damages for the mental and physical suffering of decedent.

4. The court erred in permitting witness Sharp to testify as to what he did when taking down numbers of cars.

WM. LINDSAY OF COUNSEL ON SAME SIDE.

R. J. BRECKINRIDGE, ROBERT HARDING FOR APPELLEE.

1. The instructions properly define willful neglect. (10 Bush, 273, 680; 81 Ky., 413.) Also compensatory damages. (9 Bush, 736; 79 Ky., 101; 10 Ky. Law Rep., 171.)

2. The instruction telling the jury what the duty of appellant was in respect to the detached, moving cars gave the law correctly. (Shelby's Adm'rs v. C., N. O. & T. P. Ry. Co., 85 Ky., 224; Connelly's Adm'rs v. C., N. O. & T. P. Ry. Co., 11 Ky. Law Rep., 604; L. & N. R. R. Co. v. Shuster, 10 Ky. Law Rep., 67.)

3. Contributory negligence is matter of defense, and must be affirmatively pleaded. (L. & N. R. R. Co. v. Shuster, 10 Ky. Law Rep., 67.)

4. Contributory negligence is not available as against willful neglect. (Claxton's Adm'rs v. L. & B. S. R. Co., 13 Bush, 642; Owen & McKinney v. L. & N. R. R. Co., 87 Ky., 630; L. & N. R. R. Co. v. McCoy, 81 Ky., 413.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee brought this action against the appellant to recover damages for killing, by willful neglect, his intestate—an employe of the appellant—and recovered judgment for five thousand dollars. From that judgment the appellant has appealed.

There is no dispute as to the fact of the killing.

The evidence shows that the duty of the deceased was to enter in a book the numbers of the cars standing on the appellant's side track at Junction City, a town of about four hundred inhabitants, and point them out to the engineer when he wished to attach them to his engine.

The evidence is to the effect that there were several box cars standing on the appellant's side track and the appellant's engineer had detached his engine on the main track from six or seven box cars with a view of getting on the

side track and taking certain box cars standing thereon, and in cutting loose from said train he gave it a sufficient pull to cause it to run up grade to where the public road crosses the main track and beyond the place that the cars on the side track were standing. This moving train struck the appellee's intestate while he was standing on the main track taking the numbers of the cars standing on the side track. The appellee contends that said train was permitted to move on said track without any lookout thereon to give warning to his intestate of its approach; consequently, the appellant was guilty of willful negligence. The appellant denies this, and charges that the appellee's intestate was improperly standing on the main track and by reason thereof was struck and killed.

The appellee's evidence is to the effect that his intestate was walking on the main track, the engine having a short while before gone ahead of him and the cars that had been detached from the engine were moving on the track just behind the deceased, and were moving in the same direction without any lookout; that the deceased stopped when he got opposite to the cars on the side track and stood on the main track to take the numbers of the cars and was struck while he was taking the numbers of them; that it was customary, convenient, and necessary to properly discharge his duty, for the deceased to stand upon the main track to take the numbers of the cars standing on the side track.

The jury were authorized to believe the foregoing facts, notwithstanding the appellant's evidence to the contrary.

The question then is, was the fact that appellant suffered said detached cars to move on the track at said place without a lookout, to give warning of their approach,

willful negligence?  The Shelby case, 85 Ky., 224, which occurred in the same town, and the Conley case, 89 Ky., 402, seem conclusive of the question.  It is held in those cases that neither a train nor a single car should be permitted to move on a side track in a city or town " without some servant is in position to give warning of its approach and to control its movements."  It is also held in said cases that to let a train or car move in such place without a servant being in a position to control it and give warning of its approach is willful negligence.  The same rule should govern a moving train or car on the main track.  Here, as said, the jury were authorized to believe from the appellee's evidence that no servant was in position to control said cars nor to give warning of their approach.  But the appellant's evidence only contradicts the appellee's evidence upon that subject to the extent of showing the cars were under the control of the appellant's servants, but not as to not being in position to see the deceased standing on the track and give him warning of the approach of the cars.  It was as essential that the servant should be in a position thus to see and give warning as it was to be in a position to control the cars.  So, according to appellant's own evidence, it was guilty of willful neglect in that regard.  The evidence also shows that the deceased, at the time he was struck, was in a proper place in the discharge of his duty as the appellant's employe, and that he was not willfully negligent in not looking out for the approach of the cars.

The instructions given to the jury covered the whole case and were as favorable to the appellant as it was entitled.

The judgment is affirmed.