CASE 74—PETITION ORDINARY—MAY 27.

# Louisville and Nashville Railroad Company v. Schmetzer, by, &c.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. RAILROADS—MOVEMENT OF DETACHED CARS.—A railroad company is guilty of willful neglect if it permits cars detached from an engine to move along its track in a city or town without some servant in a position to give warning of the approach of the cars, and to control their movement. And where the company is guilty of such neglect, a pedestrian on the track who is struck by the cars and injured may recover of the company, although he failed to look to see whether cars were approaching.

2. SAME—DUTY TO PERSONS WALKING ON TRACK BY LICENSE OF COMPANY—ACCIDENTAL BREAKING OF TRAIN.—A person who uses a railroad track as a passway, whether by the license or mere acquiescence of the company, must be held to know the danger attending:

Louisville and Nashville Railroad Company v. Schmetzer, by, &c.

the running of railroad trains, and to assume the ordinary risks attending such a use of the track. Therefore, where cars have become detached from an engine by accident, and are moving in that way without any servant in position to give warning of their approach, a pedestrian on the track who is struck by the cars and injured can not recover of the company unless the break in the train was due to negligence on the part of the servants in charge, or to some defect in the machinery which the company had failed, after notice, to repair, as such a person can not exact of the company a higher degree of diligence than it owes to an employe. Nor does the fact that such breaks in a train are frequent at a particular part of the track, by reason of the grade, impose upon the company the duty of placing servants in a position to give warning to persons walking on the track.

LYTTLETON COOKE FOR APPELLANT.

1. Railroad trains have the preference to right of way at public crossings. (Lou., Cin. & Lex. R. R. Co. v. Goetz's Adm'r, 79 Ky., 447.)

2. Duty of railroad companies in respect to persons upon their tracks. (Davis v. Chicago & Northwestern R'y Co., 15 vol. Amer. and Eng. R. R. Cases, 424; L. & N. R. R. Co. v. Cooper's Adm'r, 3 Ky. Law Rep., 624; Same v. Same, 7 Ky. Law Rep., 102; L. & N. R. R. Co. v. Howard's Adm'r, 6 Ky. Law Rep., 163; Nichols' Adm'r v. L. & N. R. R. Co., 9 Ky. Law Rep., 702; Johns' Adm'r v. L. & N. R. R. Co., 10 Ky Law Rep., 758; Ills. Cent. R. R. Co. v. Dick, 12 Ky. Law Rep., 772; Hogan v. Chi., Mil. & St. Paul R. R. Co., 15 Amer. and. Eng. R. R. Cases, 445; Wheelwright v. The Boston and Albany R. R. Co., 16 Amer. and Eng. R. R. Cases, 315 and 135 Mass., 225.)

3. Passive acquiescence does not amount to a license. (Finlayson v. Chicago, &c., R. R. Co., 1 Dillon, U. S. Ct., 579; Bancroft v. Boston, &c., R. R. Co., 97 Mass., 276; Gaynor v. Old Colony R. R. Co., 100 Mass., 508; Jeffersonville, &c., R. R. Co. v. Goldsmith, 47 Ind., 43; Indiana, &c., R. R. Co. v. Hudelson, 13 Ind., 525; Galena, &c., R. R. Co. v. Jacobs, 20 Ills., 478; Illinois, &c., R. R. Co. v. Hetherington, 83 Ills., 510; McLaren v. Indianapolis, &c., R. R. Co., 8 Amer. and Eng. R. R. Cases, 217; Yarnall v. St. L., K. C. & M. R. R. Co., 10 Amer. and Eng. R. R. Cases, 726; Hogan v. Chicago, &c., R. R. Co., 15 Amer. and Eng. R. R. Cases, 439; Central R. R. Co. of Georgia v. Brinson, 10 Ga, 207, and 19 Amer. and Eng. R. R. Cases, 42; Glass v. Memphis & Charleston R. R. Co., 10 Southern Rep., 215.)

4. Railroad companies entitled to the exclusive use of their tracks, except at public crossings, &c. (Cauley v. Pitts., Cin., &c., R'y Co., 2 Amer. and Eng. R. R. Cases, 6; Ky. Central R. R. Co. v. Gastineau's Adm'r, 83 Ky., 119; Johns' Adm'r v. L. & N. R. R. Co., 10 Ky. Law Rep., 759.)

5. Persons on or approaching railroad tracks must use their senses for seeing and hearing, &c. (Rupard v. Chesapeake & Ohio R. R. Co., 88 Ky., 280; Shackelford's Adm'r v. L. & N. R. R. Co., 7 Ky. Law Rep., 729, and 84 Ky., 43; Nichols' Adm'r v. Same, 9 Ky. Law Rep., 702; Pittsburg, &c., R. R. Co. v. Bingham, 39 Ohio St., 364; Omaha, &c., R. R. Co. v. Martin, 14 Neb. Rep., 295; L. & N. R. R. Co. v. Yneistra, 29 Amer. and Eng. R. R. Cases, 297; Mulherrin v. Del., Lack. & Western R. R. Co., 81 Penn. State, 366; Cauley v. P., C. & St. L. R'y Co., 2 Amer. and Eng. R. R. Cases, 4; Railroad Company v. Houston, 95 U. S., 697.)

6. Railroad companies owe no duty to trespassers upon their tracks until those operating trains see and know the peril in which trespassers have placed themselves. (L. & N. R. R. Co. v. Lyter, 6 Ky. Law Rep., 233; L. & N. R. R. Co. v. Cooper's Adm'r, 3 Ky. Law Rep., 624; Same v. Same, 7 Ky. Law Rep., 102; L. & N. R. R. Co. v. Howard's Adm'r, 6 Ky. Law Rep., 163; Shackelford's Adm'r v. L. & N. R. R. Co., 7 Ky. Law Rep., 729, and 84 Ky., 43; Nichols' Adm'r v. L. & N. R. R. Co., 9 Ky. Law Rep., 702; Pittsburg, &c., R. R. Co. v. Bingham, 39 Ohio St., 364; Omaha, &c., R. R. Co. v. Martin, 14 Neb., 295; L. & N. R. R. Co. v. Yneistra, 29 Amer. and Eng. R. R. Cases, 297; Mulherrin v. Del., Lack. & Western R. R. Co., 81 Penn., 366; Cauley v. P., C. & St. L. R. R. Co., 2 Amer. and Eng. R. R. Cases, 4; Railroad Company v. Houston, 95 U. S., 697.

7. Minors from twelve to fifteen years of age to be treated as adults. (Ky. Central R. R. Co. v. Gastineau's Adm'r, 83 Ky., 119; Paducah & Memphis R. R. Co. v. Hoehl, 12 Bush, 41.)

8. It is error for a trial court to instruct a jury upon a hypothesis not sustained by the evidence. (L. & N. R. R. Co. v. Jones, 11 Ky. Law Rep., 231; Stout v. Cloud, 5 Littell, 206; Adams v. Tiernan, 5 Dana, 395; Stith v. Jones, 4 B. Monroe, 375; Murphy v. May, 9 Bush, 39; Blair v. Pollock, Littell's Selected Cases, 208.)

WM. LINDSAY AND EDWARD W. HINES ON SAME SIDE.

1. The plaintiff was guilty of contributory negligence in not looking and listening for approaching trains, the place being one where the speed of trains was not required to be slackened or signals of their approach given. (Ramsey v. Lou., Cin. & Lex. R. Co., 89 Ky., 99; Carlin v. Chicago, &c., R. Co., 37 Iowa, 323; McAdoo v. Richmond, &c., R. Co., 105 N. C.; s. c. 41 Am. & Eng. Railroad Cases, 524; Smith v. Central Railroad and Banking Co., 82 Ga., 801; s. c. 41 Am. & Eng. Railroad Cases, 490; Sabine and East Texas R. Co. v. Dean, 76 Texas, 73; Harty v. Central R. Co., 42 N. Y., 468.)

2. In every case where this court has held a railroad company liable for injuries resulting from the movement of detached cars without any person in charge of them, it has appeared that the cars were moving

Louisville and Nashville Railroad Company v. Schmetzer, by, &c.

in that way by design of the company, and not merely by accident or as the result of some previous act of negligence. (Shelby's Adm'r v. Railroad Co., 85 Ky., 224; Conley's Adm'r v. Cincinnati, &c., R. Co., 89 Ky., 402; L. & N. R. Co. v. Potts, 92 Ky., 30.)

3. The breaking of the train was one of the perils of the track, the risk of which the plaintiff took, even though he be regarded as on the track by permission of the company. (Davis v. Chicago, &c., R. Co. (Wis.), 15 Am. & Eng. Railroad Cases, 437; Nicholson v Erie R. Co., 41 N. Y., 540; Sutton v. New York Central, &c., R. Co., 66 N. Y., 243.)

KOHN, BAIRD & SPECKERT for appellee.

1. The appellee was not a trespasser; but it is negligence *even as to a trespasser on the track* to permit detached cars to move along the track in a town or city without any servant in position to control their movements or give warning of their approach. (Conley's Adm'r v. Cincinnati, &c., R. Co , 89 Ky., 402; L. & N. R. Co. v. Potts, 92 Ky., 30; Shelby's Adm'r v. Cincinnati, &c., R. Co., 85 Ky., 224.)

2. The plaintiff was not guilty of contributory negligence in not looking and listening for approaching trains; and in any event it was a question for the jury, and the court properly refused a peremptory instruction. (L. & N. R. Co. v. Schuster, 10 Ky. Law Rep., 65; Cahill v. Cincinnati, &c., R. Co., 92 Ky., 345; Wright v. Cincinnati, &c., R. Co., 93 Ky.; Duame v. C. & N. W. R. Co., 40 N. W. Rep., 394; D., L. & W. R. Co. v. Converse, 130 U. S., 469; French v. Taunton Branch R. Co., 116 Mass., 537 ; York v. Maine Central R. Co., 24 Atl. Rep., 790.)

JUDGE PRYOR delivered the opinion of the court.

The appellee Jacob Schmetzer, a boy about eighteen years of age, was employed as a laborer by the Eclipse Woolen Mills, located in the city of Louisville. While engaged in his work, and in order to reach the place of his employment, he was in the habit of walking upon the railroad track of the appellant. In using this track as a way, he saved walking a distance of three or four squares, the testimony showing that if he used the streets as a way to his work the distance would be five times

as great as that of the company's railway track. While on this track and on his way to work, he was struck by the car of the appellant, knocked from the track and his arm so badly injured that it had to be amputated.

He instituted this action to recover damages for the injury on the ground of negligence on the part of the employes, and recovered six thousand dollars in damages. He left his home on the morning of the day he was injured, about six o'clock (in the month of November), and when on the track north of Broadway, and going towards Baxter avenue, he heard a train approaching, and, stepping from the track, let the engine and the train pass him. The morning, according to the testimony for the plaintiff, was dark and foggy. After the train had passed, supposing he was out of danger, he stepped back upon the track, and began his walk to his place of business, and after he had gone some eight or ten yards he was struck by the rear section of the cars that had broken loose from the engine, knocked down and his arm mashed off. This section, loosened from the engine, consisted of twenty-six loaded freight cars.

The appellee claims he had the right to use this track for the reason that the company had licensed the public to use it; that it was constantly used by pedestrians, and had been used by the appellee for two or three years, and no objection had been made by the company, or notice given that the track was not to be used as a foot-path. From these facts, a license to walk upon the track, it is contended, must be presumed, and the company required to exercise

that degree of care that must be exercised at public crossings, or where, by contract, the party injured has the right to use the track as a foot-path.

While the mere acquiescence of the company in the use of its road in such a manner would authorize the court to say that the plaintiff was not a trespasser, it certainly placed the company under no greater obligation to protect the injured party than one of its own employes. It is not pretended that the accident took place at any crossing, and the license to be on the track at the point where the injury occurred is to be inferred from the fact that the pedestrians in that part of the city had converted that part of the road into a foot-path, and were using it in common with the railroad company.

It is evident, as has been held in the case of L. & N. R. Co. v. Potts, 92 Ky., 30, that a railroad company is guilty of willful neglect if it permits cars that have been detached from an engine to move along its track in a city or town, without placing some of its servants in such a position as to give warning of its approach and control the movement of cars. This doctrine is well understood, and if there was no one on these detached cars, and they were turned loose to guide themselves, it was negligence. The appellee, when he went upon the track, after the engine and cars attached to it had passed, never looked to see whether other cars were or not approaching, and with this neglect on his part, the company would have still been held liable, if guilty of such gross neglect as to turn cars loose, when they knew that persons were using this track, whether by license

or mere acquiesence, and from which an injury resulted. The plaintiff's witnesses saw no one on the detached train, and the plaintiff presenting a case where he had been injured by those cars, with no one to control them, would have been entitled to a verdict upon the testimony, and the court, therefore, refused properly on the plaintiff's evidence to instruct as in case of a non-suit.

The defense is not only contributory negligence, but a denial of all negligence by the company. It is plain that this company owed no special duty to the plaintiff, and was compelled only to use ordinary care for the protection of those who had voluntarily undertaken to use this track by the acquiescence of the appellant. Here was a train of over twenty cars upon the track detached from any engine, and from the testimony of the plaintiff, negligence must be presumed when unexplained. How is this explanation made by the defense? and when the facts are developed, can the railway company be said, as a matter of law, to have been guilty of any negligence whatever?

The testimony, uncontradicted, is to the effect that the train broke or was severed at or near Broadway, leaving ten cars attached to the engine, and the remaining cars were left with two brakemen upon the top of them—one about five cars back from the first detached car and one on the last detached car. These brakemen stopped the train, the detached cars, by applying the brakes as quickly as possible, and not one of them seems to have seen the unfortunate boy. The engine, with the cars attached, had passed the

appellee, and was increasing its speed so as to keep out of the way of the loosened cars, and those on the detached cars were busy with their brakes, and it was perfectly natural that they did not see him or notice the unfortunate occurrence.

It is not an unusual occurrence for these heavy freight trains to sever as the proof shows, and particularly in going down the grade at this point. It does not appear that the pins were defective or the machinery to which they were attached out of repair.   One of the witnesses for the defense says the pin may have been too small, but whether so he does not pretend to say.   He was only attempting to assign a reason for the breaking of this train, and from all the testimony before us these employes were not guilty of any degree of neglect causing this injury.   There is no reason to discredit them, and the fact that they were not seen on the top of the cars by two or more who testify, affords no reason for disbelieving their statements, and if they had not been on the detached cars, but on one of the ten cars following the engine, this would not have been such negligence as would authorize a recovery, because their being at the one end of the train or the other could not have caused the severing of the train.

The witnesses for the defense state that the morning was clear and bright, while those for the plaintiff say it was foggy and dark, but let it be either way, the endeavor to stop the detached train prevented them seeing the plaintiff, and every effort was made by those on the train to check its progress.

The company was using its road in the ordinary

way, and the mere passive acquiescence in the use of its track by those who were not passengers, or to whom the company owed no special duty by contract or otherwise, did not make it responsible for an injury resulting from causes that the employes could not prevent. If this had been an employe injured, he would have been held to have assumed the ordinary risks pertaining to such an employment, and one who undertakes to travel on foot on a railway track can not exact a higher degree of diligence on the part of those in charge of the train than an employe.

Pedestrians using railroad tracks must be held to know the danger ordinarily attending the running of railroad trains, and there is no reason for holding the company responsible, unless it is shown that the defects in the machinery were known to the company, and its failure to repair so as to prevent injury. It is argued that the company knew that such severing of the cars frequently took place at this down grade, and should have used such precaution as to have prevented it, and to so rule would impose on the company the duty of surrendering its track to those passing up and down it, or have employes stationed along its track to caution those using it of the danger. The case of Illinois Central Railway Co. v. Dick, 91 Ky., 434, sustains this view of the question raised. If the breaking of the train was caused by the negligence of the employes there might be some reason for sustaining this verdict, but we have been unable to perceive in what this negligence consisted, and after a careful reading

of the record, it must be held that this verdict has no evidence to support it.

The judgment below is reversed, and remanded for a new trial, and for proceedings consistent with this opinion. (Hogan v. Chicago Railway Co., 15 Am. & English Railroad Cases, 440.)