<em>Motion overruled.</em>

Delivered January 17, 1894.

Application for writ of error to Supreme Court refused.

---

### THE GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. MORGAN L. LEWIS.

#### No. 136.

1. **Charge of the Court not Applicable to the Facts.**—A charge to the jury, " that if you believe from the evidence that there was sufficient room upon the street where plaintiff was injured, that pedestrians could use without walking upon defendant's track, then persons walking upon defendant's track would be trespassers, and plaintiff can not recover," *Held*, not applicable, when the facts show plaintiff was not a trespasser. Railway v. Crosnoe, 72 Texas, 84.

2. **Negligence.** — The act of a defendant railway company in allowing its detached cars to run along a public street in a city is negligence (73 Texas, 504); and the question of whether a plaintiff was guilty of negligence in being upon the track, whereby he was struck and injured by them, is one for the jury to determine; and if the jury find he was not negligent, the negligence of the defendant was the proximate cause, as it would have been the sole cause of the injury.

3. **Same — Charge of the Court,** that if they believed from the evidence " that the injury to plaintiff was brought about by an omission on his part to take the necessary precaution to look for moving cars before he walked upon the

track, and that the defendant is guilty of no negligence in operating said cars, and that the proximate and direct cause of the injury to plaintiff was the result of his own negligence," etc., *Held*, presented two contingencies upon which the jury could have found a verdict. That the act of the company in allowing detached cars to move down the street being negligence, it was improper to submit the question of defendant's negligence at all, if there was not sufficient evidence to justify it being taken as the proximate cause of the injury. Railway v. Platzer, 73 Texas, 117.

4. **Same — Contributory Negligence.** — The court should not have allowed the jury to consider the ordinary or gross negligence of the defendant. Where contributory negligence exists, it is a defense in all cases, except willful negligence of defendant's servants in reference to plaintiff, or a more flagrant form of negligence than ordinary or gross negligence. Railway v. Hare, 23 S. W. Rep., 42.

APPEAL from Bexar.  Tried below before Hon. GEO. H. NOONAN.

*Upson & Bergstrom*, for appellant.—Persons upon the track of a railway company, not a public crossing, or a place where it is necessary to use the track for passage, are trespassers, and can not recover for injury sustained, unless the persons operating trains thereon saw the peril of the person upon the track, and then failed to use care to prevent injuring such person, and thereby became guilty of gross negligence. Lewis v. Railway, 73 Texas, 504; Eddy v. Sedgwick, 18 S. W. Rep., 564; Smith v. Fordyce, 18 S. W. Rep., 663; Railway v. Brown, 18 S. W. Rep., 670.

*J. H. Copeland* and *McGinnis & Davis*, for appellee.—The verdict and judgment are supported by and are according to the evidence, because it appears from the testimony that appellee was rightfully and lawfully upon defendant's track, that he used due care and caution in going upon said track, and that he was injured wholly through and by the gross carelessness and negligence of defendant, and that appellee in nowise was guilty of contributory negligence.

JAMES, CHIEF JUSTICE.—This is a suit for damages for personal injury growing out of the following facts:

That defendant's railway track ran upon and along Walnut Street, a public street in the city of San Antonio, and the street was in such condition, by reason of a deep ditch on one side and obstructions on the other, that the public were required for convenience to commonly use the track.

That on September 16, 1883, plaintiff had occasion to pass down said street, on his way home, from one side of the track to the other, and was walking along defendant's road, when an engine with two cars attached came up behind him. Plaintiff saw them, and stepped off the track until they passed, when he stepped on again, after, as he says, looking back

and observing no danger, and proceeded along the track about ten steps, walking slowly, when two detached cars (flat cars loaded with lumber) struck him from behind, resulting in an injury which necessitated the amputation of his leg below the knee. It seems that he noticed those cars just previous to being struck, but had not time to escape entirely, and that he could not hear the flat cars approaching for the noise of the engine and cars that had just passed.

The evidence varies as to the distance which the detached cars were behind him when he stepped back upon the track, varying from 20 feet to more than a block, and there was evidence that there was a curve in the track, besides the main track, near the place where the injury happened, in the direction from which the detached cars came.

There was evidence that there was no person on the detached cars at the time; but there was some evidence that a brakeman named Casey was there; and the evidence clearly shows that the two cars were loaded with lumber, piled high, so that the brakeman, if there was any, was between them and could see nothing ahead of him. It also appeared that the cars were going down grade at that place at a greater speed than the engine and two cars ahead of them, and that the downward grade continued for a considerable distance beyond and across several streets, and that no signals or warning was given plaintiff, nor was any effort made to stop the cars that struck him.

The verdict was in favor of plaintiff for $2970.

The court refused to give the following charge: "You are further charged, that if you believe from the evidence that there was sufficient room upon the street where plaintiff was injured, that pedestrians could use without walking upon defendant's track, then persons walking upon defendant's track would be trespassers, and plaintiff can not recover."

The facts of this case clearly show that plaintiff was not a trespasser upon defendant's railway, and the charge was not applicable. Railway v. Crosnoe, 72 Texas, 84; Railway v. Walker, 70 Texas, 130. The charge asked does not take into consideration the fact of convenience, or the implied consent of defendant to use the track by the public.

The first assignment of error is, that the verdict was against the evidence, in this, that it appears from the testimony that plaintiff was injured by reason of his own want of ordinary care in going upon defendant's track, and that such negligence on his part contributed to and was the proximate cause of his injury, and that appellant was in no manner guilty of negligence causing or contributory to appellee's said injuries.

The plaintiff, although not a trespasser, was not excused from the exercise of ordinary care in guarding himself against danger from approaching cars. The question raised, and for us to determine, is whether or not there is any evidence from which it could be found that he was ordinarily careful on this occasion. He had observed an approaching engine with

two cars behind him, and stepped off the track until it passed, when he stepped on the track again. Before stepping on again and proceeding on his way, he testifies positively that he looked back and noticed no danger. There is evidence that makes it appear that a short distance back from where he stood there was a curve in the track, which ran to the freight depot, besides the main track, which ran straight. There was some evidence that the detached cars were more than a block from where he stood, and there was no engine attached to them. An engine and two cars had just passed, and it may have been that an ordinarily prudent man would not have supposed that other cars would follow them so closely, and his observation may not for that reason have been as close as it would have been under different conditions. The question before the jury was whether or not plaintiff exercised ordinary care in being upon the track when struck, in the light of all the surrounding circumstances, and we are not willing to say that their solution of this question was clearly against the evidence. We believe it sufficient to support a finding that he was not guilty of contributory negligence. It has been settled on the previous appeal in this cause (73 Texas, 504), that the act of the defendant in allowing its detached cars to run along a public street in a city was clearly negligence. If the jury found the act of the plaintiff was not negligent, the negligence of defendant was the proximate cause, as it would then have been the sole cause of the injury.

The third assignment of error complains of the following charge given by the court: "If, however, you believe from the evidence that the injury to the plaintiff was brought about by an omission on his part to take the necessary precaution to look for moving cars before he walked upon the track, and that the defendant is guilty of no negligence in operating said cars, and that the proximate and direct cause of the injury to plaintiff was the result of his own negligence, and without said negligence the injury would not have been sustained by him, then the defendant is not liable, and you will find for the defendant."

This charge is claimed to be objectionable in defining contributory negligence, and in defining the degree of care to be exercised by appellant, in this, "that the court, under the facts, should have limited plaintiff's right to recover if his injuries were caused by the gross negligence of appellant or its servants; and that plaintiff could not recover if his failure to exercise care in going on the track contributed to his injuries, regardless of appellant's negligence or care in operating its cars, except for gross negligence *in not preventing the injuries after his peril was discovered* and the injury could have been prevented." Had the question submitted to the jury been confined to the contributory negligence of plaintiff, we would have no difficulty in affirming the judgment. But there were two contingencies presented to the jury, upon either of which the verdict

may have been found. They may have found for plaintiff because they concluded he had exercised ordinary care. They might also have found him guilty of contributory negligence, and, as instructed by the court, they may have concluded that any negligence on the part of defendant's employes would render defendant liable. There was no doubt that the act of allowing the detached cars to move down the street, as shown by the evidence, was negligence, and the Supreme court had already so declared. It was improper to submit the question of defendant's negligence at all, if there was not sufficient evidence to justify it being taken as the proximate cause of the injury. Railway v. Platzer, 73 Texas, 117. And it was error for the charge to allow the jury to consider the ordinary negligence, or even what is understood as gross negligence, of defendant as the proximate cause of the injury. The language of the above charge permitted the jury to do this. The rule is, that where contributory negligence exists, it is a defense in all cases, except where a willful act of negligence is shown to have been committed by defendant's servants in reference to the plaintiff, or at least some more flagrant form of negligence than what is commonly known as ordinary or gross negligence; and this charge will require a reversal. It seems to be now the rule in this State, that where contributory negligence is shown, the defendant's negligence will not be deemed to take its place as the efficient cause of the misfortune, unless such negligence involves some willful act on the part of defendant's employes with reference to the plaintiff's danger. The rule can be gathered from the following cases: Railway v. Hare, 23 S. W. Rep., 42; McDonald v. Railway, 22 S. W. Rep., 944; Railway v. Sympkins, 54 Texas, 615.

In the McDonald case the Supreme Court uses this language: "If, for example, the servants of a railroad company discover a trespasser upon the track, they must use all reasonable precautions to avoid injuring him; and it *may* be also, that where it is their duty to keep a lookout for persons upon the track, and where, if this duty had been performed, one passing along it would have been discovered in time to have warned him, or to have stopped the train, and this duty has not been performed, and the trespasser has been run over and injured, the company will be liable for damages." The court avoids stating whether this is the law or not, doubtless because the question was not directly involved in the particular case. Our Supreme Court has not held that it is only a willful act or omission on the part of a defendant that can be considered in the presence of contributory negligence, although the expressions tend that way. We incline to the rule, that where a duty is imposed by statute upon a railway company, or by conditions involving the safety of persons expected to be upon the track at all times, as in the case before us, and it has not been performed, the jury ought to be allowed to determine, under all the facts and circumstances, whether or not this failure was the

proximate cause of the injury, except (as in the McDonald case) in such instances where the facts are such as will not justify a submission.

The evidence shows that it was by no accident that these cars came loose and run down the street; it was the deliberate act of the employes, who uncoupled them and allowed them to run along the street, for some purpose or other. The making of flying switches and the "shunting" of cars on a public street of a city (and the proceeding in this case is of that nature) has uniformly been condemned by the courts as attended with great peril to human life and of uncommon and extraordinary danger to the public. Ward v. Railway, 55 N. W. Rep., 773.

Whatever may be the obligation resting on a railway company in the connection with these acts in its own yards or at places where the public are not expected to be, when they are done on a public street in a city, the ordinary duty of observing a lookout and giving warnings becomes one of an imperative character. Indeed, we can not conceive of conditions more appropriately calling for the application of the rule mentioned in the above quotation from McDonald v. Railway than those presented in the case before us.

Considering time and place, it was certainly the duty of defendant, in thus moving these detached cars, to keep a lookout, through employes stationed on the cars or otherwise, to avoid injury to persons who were expected to be there; and if they failed in the observance of this duty, the jury should be allowed to say, under all the facts and circumstances, whether or not, if such duty had been performed, the efforts would have avoided the danger, and that such failure was the proximate cause of the injury.

It can make no difference that the employes had gotten on the part of the train to which the engine was attached, and left no one on the flat cars in a position to perform the duty. There were other methods of performing this duty.

We do not regard it an answer to this proposition that the duties of defendant and plaintiff were reciprocal. They are reciprocal at every place along the track. A reasonable lookout is at all times and places required of the servants of a railroad company. The statute enjoins signals to be given at public crossings; and where the public safety demands it, as in this case, the duty to take precautions to avoid injuries is made imperative by reason of the hazardous nature of the proceeding engaged in. These imposed duties mean something, and they have no significance if the presence of a contributory act on the part of plaintiff excuses them in all cases except those in which the employes see the plaintiff's peril and fail to put forth efforts to avoid injuring him. In this cause the cars were turned loose, and no precautions were taken, and no one placed in a position to see persons on the track or give warning of the approaching danger. The deliberate act of appellant in thus sending these cars along the street,

unattended and without any precautions, was not wanting in willfulness. Indeed the act has been held to be willful negligence. Railway v. Potts, Admr., 17 S. W. Rep., 185; Railway v. Schmeltzer, 22 S. W. Rep., 603.

The defendant placed itself in a position where the giving of warning, if called for, was impossible, and it is, we think, a proper case for the application of the rule quoted from the text of McDonald v. Railway.

The charge, however, was erroneous in the use of the words, "and that the defendant is guilty of no negligence in operating said cars." The jury would naturally conclude therefrom that no verdict could be rendered in favor of the defendant if there existed any negligence on the part of the defendant; the charge was calculated to direct their attention from a consideration of whether or not such negligence was the proximate cause of the injury.

Therefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 20, 1893.

Motion for rehearing refused.