## TEXAS & N. O. R'Y CO. v. MARY CROWDER.

(Case No. 2033.)

1. BURDEN OF PROOF.— The servant who seeks to recover for injuries claimed to have been inflicted through negligence for which his employer is liable must establish that negligence by proof, and that he himself was not in fault but exercised due care.

2. SAME — EVIDENCE.— Under this rule the plaintiff is required to show the facts surrounding and leading to the injury, and if from them a jury can reasonably infer negligence in the employer contributing to the injury, and the exercise of due care by the plaintiff, then he is entitled to recover. If he does not show how the accident occurred by which he was injured, by showing his own relation to it, and other surrounding facts, some or all of which may appear from the character of the accident itself, he has not gone as far as the law requires him to go to entitle him to recover.

3. SAME.— That the action to recover is prosecuted by a relation of the injured party does not alter the above rule.

4. CASES CITED AND APPROVED.— P. & R. R'y Co. v. Schertle, 2 Am. & Eng. R'y Cas., 158, and Corcoran v. Railroad Co., 133 Mass., 507, cited and approved.

5. CHARGE OF COURT.— See opinion for a charge of court held erroneous.

APPEAL from Harris. Tried below before the Hon. James Masterson.

This case was once before on appeal before the supreme court (61 Tex., 262).

The same witness for plaintiff gave the same evidence (in substance) as on the former trial, and now, as then, there was nothing in the record to show that the wound from which the son died resulted from any negligence of the company, or, in fact, how he came to receive the injury. No one saw him at the time the wound was received.

He was over seventeen years of age; was employed as brakeman, and had been employed on other railroads, and on this, before, as a·

brakeman. His mother said that she was unwilling for him to be employed in that way, though she had known of his being so employed and had received his wages from such service. There was, however, no evidence tending to show that the railroad company had knowledge of such unwillingness.

Defendant's track hands had torn up the track to repair it the same day, and left about thirty yards, near where the boy was found, unfilled between the ties, where it had previously been a smooth track; a witness heard that the boy was hurt, and went immediately to the place, and found him lying on the side of the track, and found that the leg bone was mashed just above the ankle. There was much blood on the rail and on the ties. He was found near where the track was not filled in, and a train was standing where he lay hurt.

*E. P. Hill*, for appellant, cited: P. & R. R'y Co. *v.* Schertle, Sup. Court of Penn., May 2, 1881, reported in Amer. and Eng. R. R. Cases, vol. 2, p. 158; Corcoran *v.* R. R. Co., 133 Mass., 507.

*F. F. Chew* and *Wm. P. Hamblin*, for appellee, cited: Anderson *v.* Anderson, 23 Tex., 639; Tuttle *v.* Turner, 28 Tex., 759; Swinney *v.* Booth, 28 Tex., 113; Ward *v.* Bledsoe, 32 Tex., 251; Fulton *v.* Craddock, Dallam, 458; Simms *v.* Price, Dallam, 618.

Stayton, Associate Justice.— The petition alleges that the deceased, " while using all the skill that a boy of his age and discretion could or would do, and whilst acting as brakeman, he, the said Cohn, had his left foot and leg caught between the ties and under a rail of said track at the place aforesaid, in such a manner that he could not withdraw it, and by reason of his being so caught and detained, he was then and there run over by defendant's cars as aforesaid, and his left leg between his ankle and knee was broken." It is further alleged that the deceased was injured while in the act of coupling cars, which was within the line of his duty as a brakeman.

There is no evidence that the deceased was engaged in the act of coupling cars at the time he was injured, nor is there evidence that his leg or foot was caught between the ties or under a rail.

The evidence does not show what was the action of the deceased at the time he was injured, nor so develop the facts as to show that he was in the exercise of due care.

The true rule in this class of cases is, that " the servant seeking

to recover for an injury takes the burden upon himself of establishing negligence on the part of the master, and due care on his own part." Wood's Master and Servant, 382; Pierce on Railroads, 299, 382; Rorer on Railroads, 697; Wharton on Negligence, 428; Thompson on Negligence, 1053, 1175; Cooley on Torts, 673.

In the notes to these authorities, cases establishing this rule are fully cited.

There is no conflict of authority on the first branch of the proposition, but there is a seeming conflict as to the last, which, however, is believed to be more seeming than real.

There is no doubt that cases occur in which the accident is of such character as, of itself, when considered in connection with the facts which necessarily appear in showing the accident, to amount to sufficient proof of the want of due care by a defendant, and of the exercise of due care by a plaintiff, to authorize a jury to find both facts, without any direct proof on either point; but this does not affect the question of burden of proof, but relates rather to the sufficiency of the evidence furnished by the accident itself.

The burden of proof, resting on a plaintiff upon the issues of negligence of the defendant and his own exercise of due care, requires that he should show the facts surrounding and leading to the accident, and if from these, when shown, a jury may reasonably infer negligence in the defendant contributing to the injury, and the exercise of due care by the plaintiff, then he is entitled to a verdict; but if he does not show how the accident occurred by which he was injured, by showing his own relation to it, and the other surrounding facts, some or all of which may appear from the character of the accident itself, then he has not gone with his evidence as far as the law requires him to go to authorize a recovery.

The rule in relation to the necessity for a plaintiff to develop the circumstances of an accident and his own relation thereto, when, in cases of this kind, the defendant's liability depends on its negligence as the cause of an injury, is thus well stated in Hinckley v. Railroad Co., 120 Mass., 262: " While, however, the plaintiff is to show that he was in the exercise of due care, and that no negligence of his contributed to the injury, this may be shown by proving facts and circumstances from which it may fairly be inferred, and if all the circumstances under which an accident took place are put in evidence, and upon an examination of them nothing is found in the conduct of the plaintiff to which negligence can fairly be imputed, the mere absence of fault may justify the jury in finding due care

on his part.   Mayo *v.* Boston & Maine Railroad, 104 Mass., 137.
But, if there is only a partial disclosure of the facts, and no evidence
is offered showing the conduct of the party injured in regard to
matters specially requiring care on his part, the data for such an
inference is not sufficient.   It can only be warranted when circum-
stances are shown which fairly indicate care or exclude the idea of
negligence on his part.   Crafts *v.* Boston, 109 Mass., 519."

That this action is prosecuted by a relation of the deceased does
not change the rule.   Murphy *v.* R. R. Co., 45 Iowa, 661; Patterson
*v.* R. R. Co., 38 Iowa, 279; Corcoran *v.* R. R. Co., 133 Mass., 507.

As this case is presented, to assume that there is sufficient evidence
to establish that the injury was caused by the negligence of the
appellant, we would have to rely solely upon the fact that the part
of the track where the deceased was found may not have been in
good order, when, if this be admitted, it is but a fact which may not
in the slightest degree have caused the injury.   That may have
resulted solely from some negligent act of the deceased.   What he
was doing or attempting to do does not appear.   Whether he went
on the track in the discharge of his duties without knowledge of the
defective condition of the track, or attempted to perform some act
not prudent while the train was in motion, or fell from the train
through want of due care, the evidence does not show.

Many cases exist in which it has been held that evidence fully as
strong as that found in the record is insufficient.   Among them:
P. & R. R. R. Co. *v.* Schertle, 2 Am. & Eng. R'y Cas., 158; Cor-
coran *v.* Railroad Co., 133 Mass., 507.

The second and third assignments of error must be sustained.

The court gave the following charge:

"First, to inquire if defendant company negligently employed
plaintiff's son as a brakeman.   Secondly, to inquire if, without
negligence on his part, plaintiff's son received injuries by reason of
the condition of defendant's track, if such condition was dangerous
and not known by deceased.   If from the evidence you find that
deceased was a minor, and if you find that his employment as brake-
man by defendant company was without the consent of plaintiff,
and if you further find from the evidence that defendant did not
exercise proper care in employing deceased as a brakemen, and that,
without negligence on his part, deceased received the injuries com-
plained of, if defendant company was negligent as to the condition
of its track, and if that was the cause of the injuries to deceased,
find for plaintiff and assess her damages."

This charge contained matters in reference to which there was

no evidence, and which were irrelevant in part, and should not have been given. T. & P. R'y Co. *v.* Carlton, 60 Tex., 297; T. & N. O. R'y Co. *v.* Crowder, 61 Tex., 262.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered March 13, 1885.]