MISSOURI, KANSAS AND TEXAS RAILWAY COMPANY v. J. E. GREENWOOD
ET AL.

Decided October 11, 1905.

**1.—Negligence—Circumstantial Evidence.**

While negligence may be proved by circumstantial evidence, the circumstances must be such as to reasonably lead up to and establish the fact sought to be proved.

**2.—Same—Death of Railroad Brakeman—Cause not Shown.**

Evidence considered in an action for the death of a railroad brakeman who fell from a moving train and was run over, and held not to show any causal connection between the death and defects in a car coupler, the steps of the pilot and the track, it not being shown that the deceased was using the coupler and pilot steps at the time and was caused to fall thereby.

Appeal from the District Court of Grayson.   Tried below before Hon. B. L. Jones.

*T. S. Miller* and *Smith & Beaty,* for appellant.—No liability against the defendant was established by proof of a rough track and slight defects in the step and coupling apparatus and further proof that the deceased went on the pilot to let down the coupler while the engine was in motion and was afterwards found dead.   The defects mentioned may or may not have caused his death.   The causal connection was not proven.   Railway v. Porter, 73 Texas, 305; Railway v. Crowder, 63 Texas, 502, 76 Texas, 499; Railway v. Nicholson, 22 S. W. Rep., 770; Railway v. Thompson, 33 S. W. Rep., 718; 21 Am. & Eng. Enc. Law, 516; 1 Bailey, Personal Injuries, sec. 1676; 1 Shear. & Red. (5th ed.), sec. 57, p. 75; Wintuska's Admr. v. Railway (Ky.), 20 S. W. Rep., 819; Railway v. Cathy (Miss.), 12 So. Rep., 253; Railway v. Alderhold (Kan.), 49 Pac. Rep., 83; Sauer v. Oil Company (La.), 9 So. Rep., 566.

*Wolfe, Hare & Maxey* and *Wilkins & Vinson,* for appellees.—It can only be said, as a matter of law, that the right of recovery is not shown when there is clearly no evidence of the facts upon which the right depends sufficient to raise in a rational mind, more than a surmise of its existence.   Fort Worth & Rio Grande Ry. Co. v. Kime, 51 S. W. Rep., 558; same case, Supreme Court opinion, 54 S. W. Rep., 240; Fort Worth & Denver City Ry. Co. v. Wilson, 24 S. W. Rep., 668; Washington v. Missouri, K. & T. Ry. Co., 90 Texas, 319; Gulf, C. & S. F. Ry. Co. v. Moore, 68 S. W. Rep., 561.

FLY, ASSOCIATE JUSTICE.—J. E. Greenwood sued appellant and the Missouri, Kansas & Texas Railway Company of Texas for damages resulting from the death of his son, Charles Greenwood, and joined Oliver Nickel and Emma Nickel, his wife, as defendants, alleging that they were claiming some interest in the damages resulting from the death of Charles Greenwood.   The latter answered adopting the pleading of J. E. Greenwood insofar as they were not antagonistic to their interests, and alleged that Charles Greenwood was the son of Emma

Nickel and J. E. Greenwood, and that she had been divorced from the latter and had intermarried with Oliver Nickel, and claimed damages for the death of her son. The jury returned a verdict in favor of the Missouri, Kansas & Texas Railway of Texas, and against appellant in the sum of $1,833.33, of which sum $600 was allotted to Emma Nickel and husband and $1,233.33 to J. E. Greenwood.

The deceased was a minor about eighteen years of age and was living with his father, who had been divorced from his mother. He was head brakeman on a freight train belonging to appellant, and on August 9, 1903, he was missed from the train at Ray, a station, and the engine was run back along the road and his dead body was discovered near the track. He was last seen by the fireman and the engineer about fifteen or twenty minutes before his body was found, and at that time he was from one hundred and sixty to one hundred and eighty yards from the place where the body was found, at a place called the Ray cut-off. The track was not in good condition at that place, but was rough and uneven. When last seen by the fireman young Greenwood was passing over the tank into the cab of the engine, and when last seen by the engineer he was on top of the train coming towards the engine, and was about twenty or thirty lengths from where he was found dead. It was customary at this point for the head brakeman to go forward to the pilot of the engine and let down the coupler of the engine so as to couple to another engine, which assisted in pulling freight trains up the hill. The proof showed that there was a slight defect in the coupler that did not affect its usefulness. After the death of Charles Greenwood the coupler was down, but the last time it had been noticed before that it was up. It had been noticed as being up, by the engineer, just when the train started up the Ray cut-off, but was down when the coupling took place with the assisting engine. Immediately after it was ascertained that Charles Greenwood was dead, a thorough examination of the engine was made and there was no blood on the steps or the wheels and there was nothing to indicate that the engine had struck the deceased, but there was blood on the flange of a wheel of a car about eight or ten cars back from the engine. There was no defect in the steps of the engine. J. E. Greenwood swore that two days after the accident he saw two blood spots on the right side of the pilot, but the uncontradicted evidence showed that they were not there immediately after the accident. The engine had made one or two trips after the accident and before J. E. Greenwood saw the spots on the step.

The grounds of negligence alleged by appellees were defects in the coupling apparatus, the step of the pilot and the track at the place of accident, and the theory of appellees is that deceased went out on the pilot and attempted to pull down the coupler, in pursuance of his duties as head brakeman, and on account of the coupler failing to work properly, and the step of the pilot and track being defective, he fell off and was run over and killed. The evidence totally fails to establish that theory and no causal connection is shown between the defects in coupler, steps and track and the death of Charles Greenwood.

It is doubtless true that negligence, as any other fact, may be proved by circumstantial evidence, but in such cases the circumstances must

be such as to reasonably lead up to and establish the fact sought to be proved. The facts proved in this case do not answer that requirement. Charles Greenwood was a brakeman on a train, and it was his duty to lower the coupler on the pilot of the engine at a certain place. The coupler was up, and he was seen on the train going in the direction of the pilot at a point where the coupler should have been lowered by him. The coupler was lowered and Charles Greenwood was found dead, lying on the track about one hundred and seventy-five yards from where he was last seen. The train, or a part of it, had passed over him. The coupler had a slight defect in it, and the road was rough. Those are the circumstances relied on to establish the theory that deceased had tried to pull the coupler down, which did not work well, that in doing so he was thrown from the engine, necessarily in front of it, by reason of the defective steps on the pilot and the rough road. The facts, even though not attacked, do not establish that theory, and when it appears that there is no indication that any wheel of the train struck deceased except on a car eight or ten cars back of the engine, any force such a theory may have gained is completely destroyed.

The case of Railway v. Kime, 51 S. W., 558, and 54 S. W., 240, is cited to sustain the judgment in this case. The facts in that case, however, are much more cogent than those in this case. Kime was making his first trip over the road and was warned against standing up on a high car when passing a certain bridge, but was told that he could stand up on a car of ordinary height. He was on a car of ordinary height, and the circumstances tended to prove that while so standing he struck the bridge and was knocked off and killed. The circumstances, it is said in the opinion by the Court of Civil Appeals, "negatived the existence of any other cause of death." No such state of facts appear in this case. Charles Greenwood may have fallen from the pilot of the engine from some cause other than the defects alleged; he may not have fallen from the pilot at all, but may have gone back on top of the train and have fallen off the car the wheel of which was stained with blood. The facts are as consistent with these theories as the one upon which the jury and trial judge acted.

The lower court should have instructed a verdict for appellant, and failing to do so and rendering a judgment on such inconclusive evidence, it becomes the duty of this court to render such judgment as should have been rendered in the court below. It is therefore ordered that the judgment of the lower court be reversed and judgment be here rendered that appellees take nothing by their suit, and that appellant have judgment for all costs in this behalf expended in this court and the lower court.

*Reversed and rendered.*