DAY v. GILMER. (No. 7378.)

(Court of Civil Appeals of Texas. San Antonio. June 3, 1925. Rehearing Denied June 23, 1925.)

Landlord and tenant ⊜55(3)—Evidence held to show fire caused by tenant's negligence.

In action by landlord to recover value of storehouse destroyed by fire, evidence *held* to show fire was due to defendant's negligence in using defective stove.

Appeal from District Court, Edwards County; Joseph Jones, Judge.

Action by S. H. Gilmer against W. T. Day. Judgment for plaintiff, and defendant appeals. Affirmed.

Arthur E. Aiken, of Rock Springs, and Douglas & Carter and Van Haile McFarland, all of San Antonio, for appellant.

T. A. Williams, of Rock Springs, and Will A. Morriss, of San Antonio, for appellee.

FLY, C. J. Appellee sued appellant to recover $11,000, the value of a storehouse, alleged to have been destroyed by fire through the negligence of appellant. The cause was submitted to a jury on special issues, and on the responses thereto judgment was rendered in favor of appellee for the sum of $10,000.

The evidence in the case was circumstantial, and the only question presented is the sufficiency of the testimony to support the verdict. The jury found that appellant did not knowingly set fire to the house, from which we may infer that the intention was to find that appellant did not intentionally ignite the building. The answers to the other issues have been rendered difficult to ascertain by having the answers given on separate papers from the issues, for which there is no reason, and necessitating reading the issue in one part of the record and then seeking the answer in another. It is just as feasible, and certainly labor-saving, to have the answer to each special issue follow it. The jury found that the fire was the proximate result of the carelessness and negligence of appellant in connection with the use of a defective stove; that he negligently permitted paper, trash, and other combustible material to accumulate and remain on the floor close to the stove; that appellant negligently permitted fire to escape from the stove and ignite the floor and inner walls of the building. The uncontradicted facts showed that appellant had kept a very defective and dangerous stove in appellee's storehouse, of which he was the lessee; that on more than one occasion appellee had remonstrated with him on the condition of the stove, and as to his carelessness in permitting paper and other combustible matter to accumulate about the stove, and warned him of the danger. Appellee had suggested a way in which to eliminate the danger, and appellant had promised to remedy the situation. Coals had at times been seen to escape from the stove and fall to the floor, and this had occurred only a short time before the fire broke out a few minutes after 10 o'clock on the night of October 30, 1923. At or near 10 o'clock appellant left the store, and not later than 15 minutes afterwards the fire broke out in close proximity to where the stove was situated. The door to the ash box of the stove was broken off, and the ash pan was gone, and ashes and coals would fall into the unprotected ash box, and would roll out the aperture for the door to the floor. The stove was in a dangerous condition. Appellant promised to have the stove repaired, which appellee agreed to pay for. The stove was not repaired. At 8 o'clock on the night of the fire a witness swore he saw coals of fire roll out of the stove. Appellant admitted that the stove was in a defective condition. At 9:30 o'clock, not more than 35 or 40 minutes before the fire was discovered, there was a very hot fire in the stove, and the floor close to the stove was littered with paper and paper box lids and.

excelsior that is found in candy boxes, close to the wooden box in which the stove was placed. The evidence showed that the fire broke out in the immediate vicinity of the stove, and the fire was seen by numerous witnesses to be near the base of the beaver board partition near the stove, and where witnesses had seen coals of fire at different times roll out of the stove. Even appellant was convinced, and admitted that the fire probably started from the stove, and that negligence caused it.

The, circumstances lead to the inevitable conclusion that the fire originated from a defective stove negligently used by appellant. There is no other conclusion that can be reasonably reached as to the origin of the fire. Not one circumstance tended to show spontaneous combustion. There was no evidence whatever upon which to base such a theory, the only evidence being that of appellant: "I suppose there were combustibles in there that would cause spontaneous combustion." In civil cases the same rule as to circumstantial evidence does not obtain as in criminal cases. In criminal cases the circumstances must be of such a cogent nature as to lead to no other reasonable hypothesis than the guilt of the defendant, but in civil cases the plaintiff is not bound to prove his case so clearly as to exclude the possibility of any other theory, nor to establish beyond a reasonable doubt the facts relied upon for a recovery. Elliot Ev, § 2502. In this case the evidence shows beyond a doubt gross negligence upon the part of the appellant in the manner in which he kept and operated the stove, and this negligence was noted up to a few minutes of the time the fire occurred. The negligence was proved and admitted by appellant, and there is no other reasonable hypothesis upon which to base the origin of the fire than the defective condition of the stove and the negligence in permitting combustibles to be strewn all about it.

Appellant had locked the store, when he left a few minutes before the fire began, on the inside. There is no testimony tending to show that the store was open when the fire began, or that any one had been in the store after appellant left it. The fire originated on the inside. The theory that an incendiary might have set fire to the building has no foundation whatever. It has no more basis in the evidence than the untenable theory of spontaneous combustion. The only reasonable conclusion to reach is that the fire began from a defective, hot stove, and that appellant was knowingly negligent in using such a stove.

The facts in this case meet every requirement in order to show negligence by circumstantial evidence, as laid down by this court in Railway v. Greenwood, 40 Tex. Civ. App. 252, 89 S. W. 810. There was no evidence upon which to base a verdict of negligence in the Greenwood Case; the circumstances are strong and cogent in this case. We adhere to the rule as expressed in that case:

"It is doubtless true that negligence, as any other fact, may be proved by circumstantial evidence, but in such cases the circumstances must be such as to reasonably lead up to and establish the fact sought to be proved."

We adhere to the rule that, in order to prove negligence by circumstances, "there there must be something more than a probability of defendant's negligence. There must be some element of moral certainty and exclusion of reasonable doubt." The facts in this case create at least some element of moral certainty, and exclude a reasonable doubt as to the fire having originated from a defective stove through the negligence of appellant.

There is nothing, to indicate anything conducive to or which might have produced spontaneous combustion. It would be mere speculation to base any theory of the fire, on spontaneous combustion, and, as to incendiarism, the only person who could possibly set fire to the building from the inside was appellant, and the jury has concluded that he did not set the house on fire intentionally. There is nothing in the record to indicate spontaneous combustion or incendiarism, and there is no other hypothesis upon which to base the origin of the fire except that it came from the defective stove.

The judgment will be affirmed.

### On Motion for Rehearing.

It is stated that there was no warrant for the statement that coals fell from the stove. There was an ash box under the stove, but no ash pan, and it had a broken door, and just a short while before the fire the broken door was noticed and appellee insisted that appellant should have it repaired. He saw it was dangerous. Appellee noticed coals rolling down from the stove to the ash box that had no door to it. He warned appellant against the danger. He saw that there was nothing to prevent the coals from escaping and setting fire to trash on the floor about the stove. The box of dirt about the stove would have protected the floor if there had been any door on the ash box to prevent coals from rolling out. Ed Adams swore that he saw the stove, and he thought it dangerous, and thought coals could roll out of it.

Will Ake swore:

"The condition of the stove at that time was pretty bad. I mean by that, that the door was off the front, and it looked pretty dangerous to me. There was paper and box lids scattered over the floor, and it appeared very dangerous to me; that a coal or spark could fall there and they would catch."

This was a short time before the fire began. The fire, when first seen, was near the stove. The partition near it was on fire.

It was shown that appellant was in the store 10 or 15 minutes before the fire broke out. The jury found that he did not set fire to the store, and it must have come, as he stated, from the defective stove. He said to Wood Sherrill that the fire "was probably started from the stove, that he kept some inflammables in the room with the stove, and that some of them had been spilled on the floor. I think he mentioned alcohol and turpentine." Fire must have rolled from the stove to ignite the inflammable substances. Appellant admitted that he had been warned of the unsafe condition and asked to repair it, but, although he had promised so to do, he failed to repair it.

Day told Mrs. Brown after the fire, that "he felt like negligence was the cause of the fire; * * * that he was very sorry about the fire." He attributed the fire to the stove, which he admitted he should have repaired. He knew that the house had been destroyed through his carelessness and gross negligence, and admitted it, and expressed sorrow for the results of his negligence. There is no escape from the fact of negligence of appellant causing the fire.