## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LINSEY.

### No. 11636.

Court of Civil Appeals of Texas. Dallas. April 27, 1935.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellant.

Bishop & Holland, of Athens, for appellee.

BOND, Justice.

B. B. Linsey instituted this suit against the St. Louis Southwestern Railway Company of Texas, to recover for the value of twenty-four bales of cotton alleged to have belonged to him which he had placed on the platform of the railroad company in the town of Chandler, Henderson county, Tex., to be transported to Tyler, Tex., and which cotton, while it was on the defendant's platform, was completely destroyed by fire.

There was no bill of lading issued by the company for the receipt of the cotton. The cotton had been on the defendant's platform for more than three weeks before it was destroyed by fire, without plaintiff giving any directions to the company for shipment, or demanding of it a bill of lading. It seems that the shipper and the carrier had not reached an agreement as to when the cotton should be shipped. It evidently was stored to be shipped at some future date.

On the trial of the cause, the nonliability of the defendant as a common carrier seems to have been conceded by the plaintiff; at least, it was not urged in the court below, and in submitting the cause to the jury, the charge of the court presented only issues of negligence and approximate cause of the damage as pertaining to warehousemen. Neither the plaintiff nor the defendant raised objections to the charge of the court for the failure to submit issues of liability on the part of the defendant as a common carrier; thus, the case on this appeal presents only the question of defendant's liability as a warehouseman.

The jury found in response to the issues submitted that the defendant permitted a door to the storage room above the platform where the cotton was stored to remain open, so that "loafers and idlers" could and did congregate therein, and throw upon the floor of the storage room lighted matches, cigarettes, or cigar stubs; and that such was negligence and the proximate cause of the destruction of the cotton by fire. The damages sustained by the plaintiff were fixed at $753.42.

It does not become necessary for us to determine whether the petition and evidence were sufficient to present issues of negligence on the final disposition of this appeal. Assuming, without deciding, that negligence is shown, as found by the jury, there is no evidence by which it may reasonably be inferred that such negligence was the proximate cause of the fire which destroyed the cotton.

It will be noticed that the plaintiff himself testified that he did not know anything of his own knowledge about how the fire originated, and no one else imparted the information. The plaintiff had been in the upstairs of the storage room many times, the last time being on the Thursday of the week before the fire occurred on Saturday, and at that time no one was smoking. Charlie Fields, a witness for the plaintiff, testified that he was there in 1931 and in 1932, the fire occurring in 1933, and that in 1932, two or three months before the fire, he caught some boys in the storage room. J. M. Griffith testified that he heard that there were one or two boys in the storage room a week or two before the fire. Manifestly, in this testimony and it is complete, there is an absence of evidence showing that the negligence of the railway company in permitting idlers, loafers, and stragglers to gamble and smoke in the upper story of the warehouse, the appellant proved in this respect, is that on several occasions boys had assembled in the storage room, had been gambling there once or twice, and that there were cigarette stubs on the floor of the storage room. It must be borne in mind, however, that this was all without the knowledge of appellant's agent. The mere fact that the railway company did not use ordinary care in the manner in which it kept its premises, leaving the doors and windows of the second story of their warehouse open, thereby permitting "idlers, loafers and stragglers" to habitate therein and to smoke, drink, and gamble, and a fire occurred from an unknown origin, raises, we think, no presumption of any causal connection between such negligence of the railway company and the destruction of the plaintiff's cotton by fire. The evidence falls short of proof that such negligence was a proximate cause of the fire.

The causal connection between the negligence of appellant and the origin of the fire can no more be presumed than can the negligence itself, and the burden of proof was on the plaintiff to show that the fire was the result of the negligence assert-

ed. Exporters' & Traders' Compress & Warehouse Co. v. Schulze (Tex. Com. App.) 265 S. W. 133.

In the case of Missouri, K. & T. Ry. Co. v. Greenwood, 40 Tex. Civ. App. 252, 89 S. W. 810, 812, (writ of error refused by Supreme Court), the court said: "The burden rested upon appellees to show how the catastrophe was caused, and, failing to do so, courts and juries cannot construct a case for them upon hypothesis and presumptions. Negligence must be shown by affirmative proof, and to fix the liability of a master for injuries sustained by a servant his negligence must not only be shown, but such negligence must be proved by affirmative evidence to have been the proximate cause of the injury." Also, as illustrating the rule is the holding of the court in Texas Central R. Co. v. Flanary (Tex. Civ. App.) 50 S. W. 726, 727, where the facts are almost identical with the facts in this case. The court said: "It is true there is evidence which tends to show that they suffered the floor of the depot building to become saturated with oil, and they permitted combustible material to be collected there; but, even if it could be assumed that they were negligent in this respect, the testimony fails to show that they were grossly negligent. But, however, admitting that this was negligence, still there is not a particle of evidence in the record tending to show what caused the fire that destroyed the depot and the contents thereof, including the wool. No connection whatever is shown between the conduct of the railway company in permitting the floor to get in the condition alleged and keeping combustible material in the depot and the origin of the fire." So, by the weight of authority, where goods in the hands of a warehouseman are destroyed or damaged by fire, the bailor has the burden of showing not only that the warehouseman was guilty of negligence, but that such negligence was the proximate cause of the fire.

In the instant case, we think it was purely speculation on the part of the jury that the alleged negligence of the railway company in permitting loafers and idlers to throw upon the floor of the storage room lighted matches, cigarette or cigar stubs was a proximate cause of the fire which destroyed appellee's cotton. There are too many other possibilities as to the origin of the fire to justify the jury, under the evidence in this case, in finding that such negligence was a proximate cause of the destruction of the cotton, and since the jury's findings were evidently based upon speculation, conjecture, and guesswork, the trial court should have sustained appellant's motion for instructed verdict in its favor and rendered judgment accordingly.

There are other errors revealed by the record, which we feel would require a reversal of this case; but for the conclusion reached that the case must be reversed and here rendered for the appellant for the reasons above stated, we pretermit a discussion of the other assignments.

The judgment of the lower court is reversed and here rendered for the appellant.