## CALIANDRO et ux. v. TEXAS & P. RY. CO.

### No. 4930.

Court of Civil Appeals of Texas. Texarkana.

March 11, 1937.

Jones & Jones, of Marshall, and Julian P. Moseley, of Lufkin, for appellants.

Bibb & Bibb, of Marshall, and T. D. Gresham and R. S. Shapard, both of Dallas, for appellee.

WILLIAMS, Justice.

Appellants, the parents of John Caliandro, prosecute this suit for damages resulting from the death of their son, who was past eighteen years at the time of his death. At the conclusion of the evidence offered by appellants, the court instructed the jury to return a verdict for defendant railway company.

Caliandro and other transients riding on a flat car of appellee were flushed by a special officer of appellee when this freight train came to a halt at the Marshall, Tex., station. These parties scattered when so accosted. Around thirty minutes later, or near midnight, Caliandro was found on the bottom of a concrete underpass below the trestle of appellee and near the foot of an embankment made as the result of the construction of the underpass. His head was crushed. The body was found at a point from 650 to 750 feet west of the point where these parties were flushed off the flat car. The companion of Caliandro testified that the special officer chased after him and Caliandro, but they out-distanced the officer. This chase, if it occurred, ceased at a point not more than 150 feet west of the flat car. The officer was a cripple and used a cane in walking. The freight train had pulled out, going on west before the body was found. From the physical facts, there is no question but that Caliandro came to his death from falling or walking off the trestle or embankment.

Plaintiffs alleged and relied upon two specific acts of negligence: (1) The action of the special officer of defendant in driving or running Caliandro over an embankment; and (2) the action of this officer in pushing or shoving Caliandro over such embankment.

■ It is asserted by appellants that the evidence was sufficient to raise a question of fact that should have been submitted to the jury because more than one reasonable conclusion can be drawn as to how the deceased met his death. It is true that many conclusions can be drawn as to how he met his death. He may have continued on west to await his companion, and not being familiar with the embankment, walked off same; or he might have been knocked off the trestle by the train in an effort to catch it; or that the officer pursued and ran him off the embankment or knocked him off same. But there is no evidence in this record to show this causal connection between the alleged negligence and the death of Caliandro, except a mere surmise. The deceased was a trespasser upon this train and this agent of appellee had a legal right to chase him away from the train. The most favorable view of the evidence that can be taken is that the officer, if he did pursue the deceased, went no farther than to the first overpass west of the station, a distance not over 150 feet. Thirty minutes later Caliandro was found dead some 500 or 600 feet still further west, under the second underpass. At what time he fell, from what he fell, or what he was doing when he fell, no one knows.

■ Where is the causal connection between the alleged negligence and the proximate cause? The burden of proof was upon appellants. This they failed to make. Evidently this was the view of the trial court.

The proposition involved in this appeal is controlled by the general rule, to wit "* * * that the mere fact of an accident resulting in the injury or death complained of does not raise a presumption of negligence on the part of the railroad. Plaintiff has the burden of establishing his case and of proving the negligence of defendant relied on as a ground of recovery, and that such negligence was the cause of the injury, since even if negligence is established, there is no presumption that the negligence was the cause of the injury."

52 Cor.Jur. pp. 705, 706; Kelley v. Burlington-Rock Island R. Co. (Tex.Civ.App.) 100 S.W.(2d) 164, 165; Mo. Pac. Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324; Texas & N. O. Ry. Co. v. Crowder, 63 Tex. 502, 505; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. And as stated in Kelley v. Burlington Ry. Co., supra: "The facts of the case are, however, at least as suggestive of negligence on their part contributing to their deaths as they are of such negligence on the part of the servants. The trouble about the evidence is that it merely reveals an unfortunate and deplorable occurrence, without enabling us to see what each of the parties contributed towards bringing it about."

For the reasons stated, the judgment is affirmed.