## CHANDLER v. TEXAS & N. O. R. CO.
### No. 1859.

Court of Civil Appeals of Texas. Waco.
April 1, 1937.

Walter T. Thomason, of Wortham, for appellant.

F. A. Woods, of Franklin, Baker, Botts, Andrews & Wharton, of Houston, Bryant & Williford, of Wortham, and J. E. Woods, of Teague, for appellee.

ALEXANDER, Justice.

This suit was brought to recover damages for injuries resulting in the death of Fred Douglas Ross. The trial court instructed a verdict in favor of the railroad company. The only material question to be determined is whether or not the evidence was sufficient to raise a question of fact for the jury.

On the night prior to his death, the deceased, who was a colored man, attended a party at a house on the west side of the railroad track in the city of Wortham. He lived on the east side of the railroad. He was last seen in company with a white man near the scene of the party, a block or two from the railroad track, at 4 o'clock the next morning. Some of the witnesses testified that at that time he was sober, while others testified that he was drinking. One witness testified that, when he last saw the deceased he (the deceased) said that he and the white man were going to another man's house and get a pint of whisky and "make a night of it". At about 6 o'clock of the same morning pieces of his mutilated body were found strewn along the railroad track. No one saw the accident. The first signs of injury to the deceased were found on the railroad track about 15 feet north of a regular crossing, and from that point on north parts of the body of the deceased were found for approximately 100 yards. There two trains that ran north on said railroad line between the hours of 4 and 6 o'clock on the morning in question. One of them was a passenger train which went through the town at about 5 a. m., and the other was a freight train which ran from ten to thirty minutes later. One witness, who lived near the railroad line, testified that he heard the passenger train go through town and that from the grinding of the wheels he could tell that it was running fast. Another witness testified that he saw the passenger train, and, if he had been permitted to do so, would have testified that it was running fast, but he could not say how fast. There was no evidence whatever as to the manner in which the freight train was operated, nor was there any evidence to show which of said trains, if either, killed deceased.

Since the body of the deceased was found on the railroad track, near a public crossing, it is reasonable to assume that deceased was struck by one of the defendant's trains at or near said crossing. We may also assume that the passenger train was operated through the town at an excessive rate of speed on the morning in question, and that the employees were negligent in so operating it. But there is no evidence to show that the train which was so negligently operated struck the deceased. It is equally as certain that he was killed by the freight train, and no one testified that it was negligently operated. Moreover, there is no evidence to show the circumstances under which the deceased was struck by the train. If it should be conceded that the passenger train was operated at an excessive rate of speed, or that those in charge thereof failed to keep a proper lookout, or that the train was otherwise negligently operated, the plaintiff wholly failed to meet the burden of proving, either by direct or circumstantial evidence, that such negligence, if any, was the proximate

cause of the death of the deceased. The evidence was therefore insufficient to raise a question of fact for the jury, and the court properly instructed the jury to return a verdict for the defendant. 30 Tex.Jur. 799; Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049; Missouri P. Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324; Texas & N. O. Ry. Co. v. Crowder, 63 Tex. 502; Houston, E. & W. T. Ry. Co. v. McHowell (Tex.Civ.App.) 278 S.W. 258; Campos v. St. Louis, B. & M. Ry. Co. (Tex.Civ.App.) 43 S.W.(2d) 487; Missouri, K. & T. Ry. Co. v. Greenwood, 40 Tex.Civ.App. 252, 89 S.W. 810; Kelley v. Burlington-Rock Island R. Co. (Tex.Civ. App.) 100 S.W.(2d) 164; Western Tel. Corp. v. McCann (Tex.Com.App.) · 99 S. W.(2d) 895.

Appellant complains of the failure of the court to admit certain evidence. This evidence, if admitted, would merely have shown that the passenger train was being operated at an excessive rate of speed. It would not have established, nor aided in establishing, that such negligence was the proximate cause of the injury to the deceased. Consequently if the evidence had been admitted, it would not have changed the result of the suit, and it is not necessary therefore for us to determine whether or not the court erred in excluding same.

The judgment of the trial court is affirmed.