### WEBESTER et al. v. HENWOOD.

### No. 2159.

Court of Civil Appeals of Texas. Waco.

Nov. 9, 1939.

Rehearing Denied Dec. 14, 1939.

J. S. Callicutt, of Corsicana, for plaintiff in error.

Richard & A. P. Mays, of Corsicana, and Ramey, Calhoun & Marsh, of Tyler, for defendant in error.

ALEXANDER, Justice.

This suit was brought by Montee Webester for herself and as next friend for her minor children against Berryman Henwood, trustee of St. Louis Southwestern Railway Company of Texas, for damages for injuries resulting in the death of Lorenzo Webester, who was the husband of Montee Webester and father of her minor children. At the conclusion of the evidence the court instructed a verdict in favor of the defendant. The plaintiffs have appealed.

The plaintiffs assign as error the ruling of the court in instructing a verdict for the

defendant. The plaintiffs alleged that while the deceased was attempting to cross the defendant's track at a public crossing in the city of Corsicana, the defendant's servants in charge of one of its switch engines negligently operated said switch engine at a high rate of speed across a public crossing without keeping a proper lookout and without giving any warning of the approach thereof, and, as a consequence, said Lorenzo Webester was struck and injured, and that he later died from his injuries. There was evidence that the said Lorenzo Webester left home on the morning of August 29, 1936, to go to his farm. The record does not make it clear but we presume he was walking. He had to cross the railroad track enroute. John Washington, who lived near the railroad track where it crossed 3rd street in the city of Corsicana, testified that he got up about five o'clock that morning. It was dark at that time. While he was up he saw the lights and heard the roar of a switch engine as it crossed 3rd street. When the engine was about even with the front of his house, he heard the voices of two or three men. They said, "Hey, hey, hey." He went back to bed and shortly thereafter a man with a lantern in his hand and dressed as a railroad man came to his, Washington's, door and said: "There was a man knocked in the head." Witness then went out and found Lorenzo Webester in the street, about four feet from the railroad track. He had a gash on the right side of his head and some soot or smut, described as being "like engine smut," on the shoulder of his shirt. Witness asked the injured man how he had received his injuries but received no reply. He helped to carry Webester into his house and called a doctor. He found some blood on one of the cross-ties. Later, the injured man was removed to the hospital. Witness did not hear any whistle or bell. John Washington's wife testified that the roar of the engine and the voices of the men awoke her. She corroborated her husband in most particulars. None of the railroad employees testified and no one else undertook to describe the manner in which Webester received his injuries. Webester was released from the hospital but later contracted tuberculosis, possibly as a result of his injuries, and died in September 1937.

There was no evidence whatever o sustain plaintiffs' charge that the switch engine in question was being operated at an excessive rate of speed or that the employees in charge thereof failed to keep a proper lookout. For the sake of the discussion, it may be assumed that the evidence was sufficient to have justified an inference that Webester was struck by defendant's switch engine, and that the employees in charge thereof were negligent in failing to sound the whistle or ring the bell, but we are left wholly in the dark as to how the accident occurred. There was no evidence whatever that such negligence, if any, on the part of the defendant was the proximate cause of the accident. The burden was on the plaintiff to not only prove the negligence of the defendant, but that such negligence was the proximate cause of the injury, for there is no presumption that the negligence proven was the proximate cause of the injury. Missouri Pacific Ry. Co. v. Porter, 73 Tex. 304, 307, 11 S.W. 324; Caliandro v. Texas & Pacific Ry. Co., Tex.Civ.App., 103 S.W.2d 439. It is undisputed that the lights on the engine were burning and that the engine was making a great noise—sufficient to awaken those living near the track—yet, the deceased either went onto the track or remained thereon in the face of the approaching engine. From these and other facts proven, it would be as reasonable to presume that the accident was caused by the deceased's own contributory negligence as it would that it was caused by the negligence of the defendant's employees. Where the facts and circumstances in evidence thus wholly fail to establish with any reasonable certainty the manner in which the accident occurred, a jury would not be authorized to presume that it resulted from the defendant's negligence in failing to ring the bell or sound the whistle. Texas & N. O. Ry. Co. v. Warden, 125 Tex. 193, 78 S.W. 2d 164. The vital point is that the plaintiffs wholly failed to establish any causal connection between the defendant's alleged negligence in failing to ring the bell and sound the whistle and the injury to the deceased. Since proximate cause cannot be presumed from the mere happening of the accident, but, like any other essential element, must be established in some manner, either by direct or circumstantial evidence, and since the plaintiffs wholly failed to meet this essential requirement, the trial court properly instructed the jury to return a verdict for the defendant. 30 Tex.Jur. 799; Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049; Missouri P. Ry. Co. v. Porter, 73 Tex. 304,

11 S.W. 324; Texas & N. O. Ry. Co. v. Crowder, 63 Tex. 502; Houston, E. & W. T. Ry. Co. v. McHowell, Tex.Civ.App., 278 S.W. 258; Campos v. St. Louis B. & M. Ry. Co., Tex.Civ.App., 43 S.W.2d 487; Missouri K. & .T. Ry. Co. v. Greenwood, 40 Tex.Civ.App. 252, 89 S.W. 810; Kelley v. Burlington-Rock Island R. Co., Tex.Civ. App., 100 S.W.2d 164; Western Tel. Corp. v. McCann, 128 Tex. 582, 99 S.W.2d 895; Chandler v. Texas & N. O. Ry. Co., Tex. Civ.App., 103 S.W.2d 811; Caliandro v. Texas & P. Ry. Co., Tex.Civ.App., 103 S.W.2d 439; Texas & New Orleans Ry. Co. v. Warden, 125 Tex. 193, 78 S.W.2d 164; Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049.

The judgment of the trial court is affirmed.