C. J. WARE, Appellant,

v.

The TEXAS AND PACIFIC RAILWAY COMPANY, Appellee.

No. 15812.

Court of Civil Appeals of Texas.

Fort Worth.

May 10, 1957.

Rehearing Denied June 7, 1957.

Ernest May, Fort Worth, Strasburger, Price, Kelton, Miller & Martin and Hobert Price, Dallas, for appellant.

Samuels, Brown, Herman & Scott, Richard E. Miles and Ardell M. Young, Fort Worth, for appellee.

MASSEY, Chief Justice.

Plaintiff The Texas and Pacific Railway Company was operating its train at a point within the city limits of Fort Worth, Texas, at a speed within the limits prescribed by law. At Ayres Street, which crossed plaintiff's tracks at a point where the most modern type of equipment had been installed for warning the traveling public of the approach of its trains, defendant C. J. Ware, a house mover, had stalled his moving equipment in such a way that the house being moved was squarely across plaintiff's tracks. Upon the approach of plaintiff's train the bell began ringing, the lights began flashing, and the bars started lowering into position to block travelers from coming upon the tracks. The bars were blocked by contact with the house so that they never came all the way down.

The crew operating plaintiff's train rode the same around a curve to a point where the defendant's house was observed across the tracks. It was immediately observed and the crew did everything possible to slow the speed of the train, but accident was inevitable and the front engine of the train struck the house demolishing it, and doing about $2,000 worth of damage to the engine.

Plaintiff railroad sued defendant Ware, and the latter charged plaintiff with contributory negligence. Trial was to a jury which convicted defendant of negligence proximately causing the collision and resulting damage, and acquitted plaintiff railroad of negligence except in regard to answering two issues upon which the jury was unable to agree and was finally discharged. The issues posed the question of negligence at common law upon the matter of speed, and the question of proximate cause predicated thereon. By other findings the jury refused to find that the plaintiff's train was exceeding the speed fixed by city ordinance.

Plaintiff moved for judgment on the verdict on the ground that its having been acquitted of contributory negligence in every respect charged by the defendant save and except that of the matter of common-law negligence as to the speed of its train, it was entitled to have such unanswered issues disregarded as not having been raised by the evidence, and contended that even had such issues been answered against it they would not have supported a judgment for the defendant Ware because the speed alone, unaccompanied by any other negligence on its part, could not—as a matter of law—have constituted actionable negligence on the part of plaintiff inhibiting its recovery of damages.

The trial court agreed with plaintiff railroad and entered judgment in its favor. Defendant Ware appealed.

Judgment affirmed.

■ The primary question involved as to the instant controversy is whether, in Texas, at an adequately protected railroad crossing, a speed within the limit set by law could constitute actionable negligence absent evidence of any physical condition or of any circumstance which should have caused the railroad or its employees to anticipate that the crossing might be obstructed at the time the train arrived thereat.

We are of the opinion that under such conditions, when a train is proceeding toward a crossing at an allowable speed, that, with nothing more, does not constitute negligence.

■ Where a speed limit has been set by law or ordinance the operator of a train is, except where conditions or circumstances are shown to vary from the normal and to enhance the hazards normally to be anticipated at the crossing the train is approaching, entitled to assume that the operation of the same at a speed coming within that limit will be free of negligence on his part, or nonnegligent. The operator would not be entitled to assume the same thing if conditions and circumstances should be shown to exist, which, in the exercise of ordinary care he should have anticipated would increase the likelihood of injury or damage occurring to any person or property at such crossing, or increase the degree of injury or damage which might be sustained as result of the speed of the train.

The burden of proof in the premises is of course upon any party who seeks to prove negligence on the part of the operator of such a train, and where the speed of the train is within lawful limits it is incumbent upon such a party to demonstrate in the evidence the conditions or circumstances which would eliminate the operator's right to assume that conditions and circumstances do not vary from the normal or that the hazards normally to be anticipated at the crossing are increased above the usual. When such proof appears, an issue of fact for the determination of the trier of fact is in the record and the matter cannot be determined as a matter of law.

From our examination of the statement of facts in the instant case, we have arrived at the conclusion that no condition or circumstance is shown therein which would inhibit the right of assumption on the part of the operator of the train that his lawful speed was nonnegligent at the time and place material to this controversy. That being true, the defendant has not discharged the duty of making prima facie proof of the railroad's negligence in the matter of speed, and was not entitled to a special issue submitting the question.

■ It is true that the Ayres Street crossing is within the city limits of Fort Worth, and is a rather heavily traveled crossing, but the evidence indisputably establishes that the railroad had in proper operation the latest and most efficient types of electrical and mechanical protective devices. That being established, the railroad's duty to the general public, including the defendant, would be no different than in the case of a crossing in a rural area outside the limits of a city or town. See language of text, 154 A.L.R. p. 235, Effect of warnings

or safety precautions. We do not mean to say that the railroad could ignore the lawful speed limit, but it would seem that so long as it operated its trains within the prescribed limit it could disregard the crossing as "a heavily traveled crossing in a populated area" whenever there was no condition or circumstance of which it had actual or constructive notice that some hazard it had minimized or eliminated by its installations thereat had rendered the installations less effective than normally to be expected.

The question relative to negligence has not heretofore been passed upon in Texas under circumstances analogous to those apparent in the instant case. The railroad persuasively argues that the weight of authority compels the holding that the question of its negligence in the matter of speed could not be raised on the trial of any case where a collision occurred at a crossing where it had installed modern signal equipment, such as gates, a bell, and flashing red lights, and thereafter maintained the said equipment so that it functions properly. We are not prepared to go so far. We are able to visualize many situations where weather or road conditions might be known to the railroad, or where in the exercise of proper care should have been known, which would affect its ordinary right to proceed at the maximum rate of speed prescribed by law. We are also able to visualize many situations where traffic conditions at some particular crossing might be such that the railroad should be held on constructive notice that a vehicle might be trapped thereon under circumstances which would be nonnegligent in so far as the operator of the vehicle was concerned. We therefore are of the opinion that the door should be held open for consideration of circumstances in each particular case, with the trial court to decide whether negligence is a fact question in connection with the speed of any train involved in a collision at a railroad crossing. Texas & N. O. R. Co. v. Blake, Tex. Civ.App. Fort Worth, 1943, 175 S.W.2d 683, error refused; 74 C.J.S. Railroads § 731

Mode of Running or Operating at Crossings, p. 1360 et seq., § 748 Effect of Statutes or Ordinances p. 1398 and § 751 Precautions as to Persons or Objects Seen at or near Crossings p. 1399 et seq.; Annotations in 154 A.L.R., p. 212, et seq.

Another question to be determined, in the event we have erred in our conclusion that under the circumstances the defendant has not raised the issue of contributory negligence because of the speed of the train, is the matter of proximate cause. Of course, for the speed of the train to have constituted actionable negligence the employees of the railroad must have been negligent in operating the train at the speed it was traveling, and such negligence must furthermore have amounted to a proximate cause of the injury or damage which took place. In order for the question to become an issue for the trier of fact, the evidence must raise it as such.

The courts of Texas stand committed to the rule that causal connection with the result which took place, or some like result, was one which ought reasonably to have been foreseen or anticipated in the light of the attendant circumstances. Dallas Ry. & Terminal Co. v. Black, 1953, 152 Tex. 343, 257 S.W.2d 416, and cases cited therein with analysis made. We believe that in the instant case the trial court was entitled to decide that even were the operators of the railroad train treated as having been negligent in the matter of speed at the time and place in question, the result which occurred was so highly extraordinary as to prevent their conduct from being a legal cause of that result on the ground that neither it nor any like result could have been foreseen or anticipated in the light of the attendant circumstances. Such constructive decision on the part of the trial court must be treated as having been made in the determination of whether the issue was raised in view of the circumstances. We perceive no error. See Restatement of the Law, 1948 Supp., Torts, sec. 435, "Foreseeability of Harm or Manner of Its Occurrence", sub-

**706**

section i(2), and comments under this new subsection. It is to be noted that the annotation in 154 A.L.R. previously cited does *not* discuss the general question of whether, in order to satisfy the requirement of proximate cause, an injury must have been a reasonably foreseeable consequence of the negligence. ·Cases cited by the railroad on the matter of proximate cause include: Seaboard Air Line R. Co. v. Crowder, 1950, 191 Va. 635, 62 S.E.2d 227; Roswell v. Chicago, M., St. P. & P. Ry. Co., 1942, 240 Wis. 507, 2 N.W.2d 215; Kurn v. Casey, 1943, 193 Okl. 192, 141 P.2d 1001; Whiffin v. Union Pac. R. Co., 1939, 60 Idaho 141, 89 P.2d 540; Perch v. New York Cent. R. Co., 1939, 294 Mich. 227, 293 N.W. 778.

Judgment is affirmed.