**L. W. CREED et al., Appellants,**

v.

**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY et al., Appellees.**

No. 7868.

Court of Civil Appeals of Texas.

Texarkana.

June 18, 1968.

Rehearing Denied July 2, 1968.

Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellants.

Norman C. Russell, Atchley, Russell, Hutchinson & Waldrop, J. R. Hubbard, Wheeler, Watkins, Hubbard, Patton & Peek, Texarkana, Thomas W. Hathaway, Johnson, Hathaway & Jackson, Tyler, for appellees.

DAVIS, Justice.

This is a suit by plaintiffs, L. W. Creed and the heirs of James Robert Wilson and Joe Henry Hankins against defendants, St. Louis Southwestern Railway Company, Luke H. Gibson and Lawrence R. Hawkins for damages sustained by Creed and for the deaths of Wilson and Hankins as the result of a collision between a 1950 model Chevrolet truck owned by Creed and was being driven by Wilson or Hankins, and a train belonging to St. Louis Southwestern Railway Company, and being operated by its employees on or about December 2, 1963. Trial was to a jury. After plaintiffs had offered all of their evidence, defendants moved for an instructed verdict; because, there was no evidence offered by plaintiffs that would prove any act, or acts, of negligence upon the part of either, or all, of the defendants that was a proximate cause of the damages, or injuries, alleged by plaintiffs. The motion was granted. Plaintiffs have perfected their appeal and bring forward two points of error.

By point one, plaintiffs say the trial court erred in granting the motion for instructed verdict, "thus taking from the province of the jury the question of defendants' negligence". Plaintiffs alleged many specific acts of negligence on the part of the defendants.

Defendants denied each and every act of negligence alleged by plaintiffs. Defendants alleged specific acts of negligence against the driver of the truck that he failed to stop the truck within fifty feet, but less than fifteen feet from the nearest rail of the railroad; and, other acts of negligence.

There were no eye witnesses to testify for the plaintiffs. They did not offer any proof of any act, or acts, of negligence on the part of either, or all, of the defendants that was a proximate cause of the

damages and injuries alleged by plaintiffs. Sterling v. Tex. & N. O. Ry. Co., (Tex.Civ. App.1941), 148 S.W.2d 886, w. dis.; Ware v. T. & P. Ry. Co., (Tex.Civ.App.1967), 302 S.W.2d 702, W.R.N.R.E.; Webster v. Henwood, (Tex.Civ.App.1939), 134 S.W.2d 333.

By point two, plaintiffs say the trial court erred in sustaining defendants' motion in limine, "thereby suppressing evidence that was vital to plaintiffs' cause of action". The evidence sought to be offered was that the railroad had made a settlement with one of the defendants who had filed a counter-claim under The Federal Employers' Liability Act. If the evidence had been offered, it would not have proved that either of the defendants were guilty of any active negligence that was a proximate cause of the collision. The counter-claim under the F.E.L.A. was, in truth and in fact, a different suit. The evidence was not admissible.

The points are overruled. The judgment of the trial court is affirmed.